FRANKEN-KARCH CORPORATION, Appellant, v. ALEXANDER
CASTRIOTIS and CHRYSANTHOS KONTOS, Doing Business as
A. C. CASTRIOTIS-KONTOS Co., Respondents.

First Department, February 4, 1921.

**Joint adventures — agreement construed to be of character of joint adventure — suit in equity for accounting properly brought.**

An agreement, under which the plaintiff was to contribute his time and give the benefit of his experience in the matter of the sales of goat skins and the defendants were to purchase the skins, and the net profits of the transactions were to be divided equally between the parties, and an accounting as to each transaction at the close thereof was to be rendered by the defendants to the plaintiff and such sums as were due the plaintiff from the defendants were to be paid to the plaintiff, is an agreement for a joint adventure.

Accordingly the plaintiff had the right to proceed in equity for an accounting.

APPEAL by the plaintiff, Franken-Karch Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of September, 1920, denying plaintiff's motion for judgment upon the pleadings, consisting of an amended complaint and a demurrer interposed thereto, on the ground that it was insufficient in law.

*Paul Charles Werner*, for the appellant.

*Lawrence E. Brown* of counsel [*Bullowa & Bullowa*, attorneys], for the respondents.

GREENBAUM, J.:

The material allegations of the complaint are as follows:

"*Second.* That on or about the fifteenth day of April, 1919, it was agreed between the plaintiff and defendants, who were in the business of exporting and importing general merchandise, that in consideration of plaintiff's examination of the various shipments of hides and skins which should be received thereafter by the defendants as well as the plaintiff's advice as to conditions governing the hide market and the proper and most advantageous sources as to where such hides and skins

might be sold and disposed of, and, whenever possible and most advantageous in consideration of the plaintiff's own efforts to dispose of said various hides and skins, that the difference between the consigned value and the value which any hides and skins consigned to the defendants might be sold for, after deducting expenses, would be equally divided between the plaintiff and defendants; it was furthermore agreed that no hides or skins shipped to the defendants would be sold by them without the plaintiff's consent; it was furthermore agreed by and between the parties, that the above mentioned agreement was terminable at any time at the option of either party and it was further agreed that an accounting as to each transaction at the close thereof would be rendered by the defendant to the plaintiff, and such sums as were due the plaintiff from the defendants would be paid to the plaintiff."

The complaint further alleges that four distinct and separate sales involving in the aggregate 180 bales of " Ghezani goat-skins " were made, some by plaintiff and others by defendants, and that " pursuant to the terms of the agreement " the aforesaid goat skins were duly examined by the plaintiff, and defendants were duly advised by the plaintiff as to the market conditions governing the sales of these skins.

After alleging due performance of all the conditions to be performed and the demand for rendition of an account as to the several transactions above mentioned, plaintiff prays for an accounting. The action is framed solely in equity. The learned justice at Special Term construed the agreement set forth in the complaint as one for compensation for services to be measured by the profits resulting from the transactions in question, for which a recovery may only be had in an action at law. If the agreement justified that construction, the demurrer was properly sustained.

It seems to me that the agreement was of the character of a joint venture, the subject-matter whereof was the interest of the parties in the profits as such. The plaintiff was to contribute his time and give the benefit of his experience in the matter of sales and the defendants were to purchase the goods which were the subject of the sales. If there were no profits the plaintiff would lose the time devoted to and the expense incurred in the enterprise.

In a sense the plaintiff's services were to be measured by half of the profits, if there were any. Reference to reported cases touching the question under discussion is of scant benefit, since in the final analysis the facts of each case must determine whether the relationship subsisting between the parties was that of employer and employee or principal and broker, who was to be compensated for his services to be measured by the profits of the transactions, or whether it was a joint venture. That the parties regarded the arrangement as a joint venture is emphasized by the provision of the agreement which reads: " that an accounting as to each transaction at the close thereof would be rendered by the defendant to the plaintiff, and such sums as were due the plaintiff from the defendant would be paid to the plaintiff."

The order should be reversed, with ten dollars costs and disbursements, and plaintiff's motion for judgment on the pleadings is granted, with ten dollars costs, with leave to defendants to withdraw the demurrer and to answer within twenty days after notice of entry of the order herein upon the payment of costs and disbursements allowed upon this appeal and ten dollars costs of motion.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendants to withdraw demurrer and to answer on payment of said costs.