FREDERICK J. KRAEMER, Appellant, *v.* WORLD WIDE TRADING COMPANY, INC., Respondent.

First Department, March 4, 1921.

**Pleadings — determination of sufficiency of complaint in equity on demurrer and after issue joined by answer and cause brought to trial as suit in equity — joint adventures — agreement to divide commissions received from third party — receipt of commissions in trust as agent of other party to agreement — accounting.**

On demurrer the sufficiency of a complaint framed in equity depends upon whether or not it shows an equitable cause of action, but if issue has been joined by answer and the cause brought to trial as a suit in equity the complaint cannot be dismissed on the ground that plaintiff is not entitled to equitable relief provided it shows a cause of action at law.

A complaint in an action for an accounting showing that the plaintiff has a cause of action against the defendant for a balance on account of one-half the commissions received by it from a foreign corporation for negotiating the purchase by it of steamships, examined and *held*, that since the plaintiff took the risk of receiving nothing for his services and each of the parties was to receive one-half of any commissions paid therefor, a joint adventure is shown in which each party was to and did render services in earning the commissions, which, by the agreement, were to be paid by the foreign corporation to the defendant for himself and the plaintiff, and that a fiduciary relation existed between them under which the defendant received the commissions in trust as the agent of the plaintiff to the extent of one-half, which it was its duty to pay over to the plaintiff as received, and, therefore, the plaintiff is entitled to an accounting.

DOWLING, J., dissents, with opinion.

APPEAL by the plaintiff, Frederick J. Kraemer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of

New York on the 5th day of October, 1920, denying his motion for judgment on the pleadings and granting defendant's counter motion for judgment sustaining its demurrer to the complaint for insufficiency and dismissing the complaint.

*Lawrence E. Brown* of counsel [*Bullowa & Bullowa,* attorneys], for the appellant.

*Frank B. York* of counsel [*York & York,* attorneys], for the respondent.

LAUGHLIN, J.:

The complaint shows that the plaintiff has a cause of action against the defendant for a balance on account of one-half the commissions received by it from the Empresa Naviera de Cuba, a foreign corporation, for negotiating the purchase by it of four steamships. It is, however, framed in equity and, therefore, on demurrer the sufficiency thereof depends upon whether or not it shows an equitable cause of action (*Gosselin Corporation* v. *Mario Tapparelli fu Pietro, Inc.,* 191 App. Div. 580; *Spring* v. *Fidelity Mutual Life Ins. Co.,* 183 id. 134; *Consolidated Rubber Tire Co.* v. *Firestone Tire & R. Co.,* 135 id. 805; *Low* v. *Swartwout,* 171 id. 725; *Logan* v. *Fidelity-Phenix Fire Ins. Co.,* 187 id. 153); but if issue had been joined by answer and the cause brought to trial as a suit in equity the complaint could not be dismissed on the ground that the plaintiff is not entitled to equitable relief provided it shows a cause of action at law, and in that event it would be transferred to the jury calendar. (*Thomas* v. *Schumacher,* 17 App. Div. 441; *Glyn* v. *Title Guarantee & Trust Company,* 132 id. 859; *Everett* v. *De Fontaine,* 78 id. 219; *Perrin* v. *Smith,* 135 id. 127.) The plaintiff alleges that on or about the 20th of November, 1919, he and the defendant entered into a contract by which the latter agreed to pay to him " one-half of a commission of $10,000, when and as received by it " from said Empresa Naviera de Cuba, on the purchase by it of the steamship *St. Paul* and that the plaintiff and defendant thereafter co-operated in securing the sale of said steamship to the foreign corporation, which paid the defendant the sum of $10,000 " as a commission for the services of the plaintiff and the defendant " in

connection with the sale of the steamship; that in the month of December, 1919, it was agreed between the parties " that in consideration of the assistance to be rendered by the plaintiff to the defendant in procuring steamships " for said foreign corporation " defendant would pay to the plaintiff one-half of any commission which might be paid to it " by said foreign corporation for negotiating the purchase of steamships by it in the United States and the defendant agreed to pay " such one-half of said commission " to the plaintiff immediately upon the receipt of the same by it, and that thereafter plaintiff and the defendant procured the purchase by said foreign corporation of three other steamships pursuant to an agreement by the foreign corporation " that it would pay to the defendant for the services of the plaintiff and the defendant rendered in or about the purchase of said steamers, five per cent of the purchase price thereof; " that thereafter and prior to the commencement of the action, the foreign corporation paid to the defendant the commission due for the services of the plaintiff and defendant in and about the purchase of said steamships " and the defendant received such amounts for the account of the plaintiff and the defendant under said agreement with the plaintiff that it would pay one-half thereof to this plaintiff; " that the defendant has refused and still refuses to account to the plaintiff for any of the moneys so received by it from said foreign corporation for its services and the services of the plaintiff or to pay over to the plaintiff any part thereof excepting the sum of $8,668.86, and that the defendant holds a large sum of money which it has received from said foreign corporation for the services of the plaintiff and of the defendant, " one-half of which is the property of this plaintiff," and has refused to account for or to pay the same over to the plaintiff. Judgment is demanded for an accounting between the plaintiff and the defendant concerning all moneys received by the defendant from said foreign corporation for the services of the plaintiff and the defendant in connection with the purchase by the foreign corporation of the four steamships and that it be decreed that the defendant pay over to the plaintiff such amount as shall be ascertained to be due to him from the defendant and for other and further relief, with costs.

First Department, March, 1921.     [Vol. 195.

The point presented by the appeal is whether these allega-
tions show a joint adventure entitling plaintiff to an accounting
or whether they should be construed as showing merely an
employment of the plaintiff by the defendant with an obligation
to pay therefor an amount *equal* to one-half the commissions
for which he has only an action at law. The law by which
the case is to be decided is well settled. The only difficulty
is in determining from the facts to which class of cases a
particular case belongs. I regard this as a border case, but
since plaintiff took the risk of receiving nothing for his services
and each of the parties was to receive one-half of any com-
missions paid therefor, I am of opinion that a joint adventure
is shown in which each of the parties was to and did render
services in earning the commissions, which, by the agreement,
were to be paid by the foreign corporation to the defendant
for himself and the plaintiff, and that a fiduciary relation
existed between them under which the defendant received
the commissions in trust as the agent of the plaintiff to the
extent of one-half, which it was its duty to pay over to the
plaintiff as received. If the allegations of the complaint are
susceptible of this construction, as I think they are, the right
to an accounting is clear. (*May* v. *Hettrick Brothers Co.,*
181 App. Div. 3; affd., 226 N. Y. 580; *Valdes* v. *Larrinaga,*
233 U. S. 705; *Marvin* v. *Brooks,* 94 N. Y. 71; *Marston* v.
*Gould,* 69 id. 220; *Franken-Karch Corp.* v. *Castriotis,* 195 App.
Div. 529; *China & Japan Trading Co., Ltd.,* v. *Provand,* 155
id. 171; *Hill* v. *Curtis,* 154 id. 662; *Freeman* v. *Miller,* 157 id.
715, 719; *Boice* v. *Jones,* 106 id. 547; *Peirce* v. *McDonald,* 168
id. 47, 56; *Frethey* v. *Durant,* 24 id. 58; *Jordan* v. *Underhill,*
91 id. 124; *Weldon* v. *Brown,* 84 id. 482; 89 id. 586; *Hathaway*
v. *Clendening Co.,* 135 id. 407; *Rice* v. *Peters,* 128 id. 776;
*Stoller* v. *Franken,* 171 id. 327.)

It follows that the order should be reversed, with ten dollars
costs and disbursements, and defendant's motion denied and
plaintiff's motion granted, with ten dollars costs, but with
leave to defendant to withdraw the demurrer and answer on
payment of the costs of the appeal and motion.

CLARKE, P. J. ᴹ ᴿELL and GREENBAUM, JJ., concur;
DOWLING ᵀ

DOWLING, J. (dissenting):

The plaintiff alleges in his complaint as follows:

" 2. That heretofore and on or about the 20th ·day of November, 1919, the defendant entered into an agreement with the plaintiff under the terms of which the defendant agreed to pay to the plaintiff one-half of a commission of $10,000, when and as received by it from Empresa Naviera de Cuba, a foreign corporation, on the purchase by said Empresa Naviera de Cuba of the steamship ' St. Paul ' and thereafter and in the month of December, 1919, it was further agreed by and between the plaintiff and the defendant that in consideration of the assistance to be rendered by the plaintiff to the defendant in procuring steamships for said Empresa Naviera de Cuba, the defendant would pay to the plaintiff one-half of any commission which might be paid to it by Empresa Naviera de Cuba for purchasing steamships in the United States of America, such one-half of said commission to be paid to the plaintiff immediately upon receipt of the same."

He then alleges that plaintiff and defendant co-operated in securing the sale of the steamship *St. Paul* to Empresa Naviera de Cuba, which paid defendant the sum of $10,000 as a commission for the services of plaintiff and defendant. He further alleges that in November and December, 1919, and January, 1920, plaintiff and defendant procured the purchase by the same company of the steamships *Minneapolis, Yadkin* and *Watauga,* under an agreement by said company that it would pay defendant for its services and those of plaintiff five per cent of the purchase price thereof; that said company has paid to defendant the commissions due under said agreement for the purchase of said three steamers, " and the defendant received such amounts for the account of the plaintiff and the defendant under said agreement with the plaintiff that it would pay one-half thereof to this plaintiff," and plaintiff demands judgment: *First.* That an accounting be had between the plaintiff and the defendant of all amounts received by the defendant from the Empresa Naviera de Cuba for the services of the plaintiff and the defendant in connection with the purchase of the steamships *St. Paul, Minneapolis, Yadkin* and *Watauga. Second.* That upon com-

pletion of said accounting the defendant be decreed to pay over to this plaintiff such sums as shall be ascertained to be due to him from said defendant.

The complaint is framed solely in equity and I can find no equitable cause of action stated therein.

I am of the opinion that it set forth no joint ownership of a fund with a right to an accounting, nor a partnership in said fund, but an agreement on the part of plaintiff to render services for defendant, in connection with the purchase of steamships, for which defendant bound itself to pay plaintiff one-half of any commissions it received in the premises. I think that only an action at law is set forth, entitling plaintiff to recover one-half of the amount received by defendant under the agreement between them.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

Order reversed, with ten dollars costs and disbursements, defendant's motion denied and plaintiff's motion granted, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.