JOHN J. CASEY, Respondent, *v.* NYE ODORLESS INCINERATOR CORPORATION, Appellant.

First Department, May 12, 1933.

*William E. Bardusch* of counsel [*Harold A. Scheminger* with him on the brief; *William E. Bardusch,* attorney], for the appellant.

*Thomas F. Cohalan* of counsel [*John Van Valkenburgh,* attorney], for the respondent.

PER CURIAM. The judgment appealed from dismissed the second cause of action and directed an accounting upon the first and third causes of action.

Our conclusion is that the second cause of action is the only one of the three upon which an accounting could have been ordered in any view of the evidence. Since, however, no appeal from so much of the interlocutory judgment as dismisses this cause of action has been taken by plaintiff, we are not concerned therewith upon this appeal.

The first and third causes of action are not equitable in character and the evidence submitted in support thereof shows no fiduciary relation which would warrant a direction from the court to account. The first is an action to recover compensation for services based upon a percentage of the net amount of sales of the defendant's product. It is well settled that such an action is one at law and

is not maintainable in equity for an accounting. (*Freeman* v. *Miller*, 157 App. Div. 715; *Hathaway* v. *Clendening*, 135 id. 407; *Kent* v. *Universal Film Manufacturing Co.*, 200 id. 539, 547; *Lee* v. *Washburn*, 80 id. 410.) The third cause of action is predicated upon an agreement whereby plaintiff was to receive two per cent commissions on all sales, which commissions would amount to not less than $12,500 for the year 1930. It is alleged that the plaintiff has received from the defendant during said year the sum of $4,000 and that defendant is indebted to plaintiff under said agreement in the sum of at least $5,375. Under the authorities cited this is clearly an action at law and not one in equity for an accounting. While the judgment, therefore, in so far as appealed from, must be reversed, the complaint will not be dismissed. (*Kraemer* v. *World Wide Trading Co., Inc.*, 195 App. Div. 305; *Ransome C. M. Co.* v. *McDonald*, 207 N. Y. 383.)

It follows that the interlocutory judgment, in so far as appealed from, should be reversed, with costs to the appellant to abide the event, and the case relegated to the Trial Term calendar with leave to plaintiff to amend the first and third causes of action by setting forth appropriate *ad damnum* clauses and a prayer for relief at law.

Present — FINCH, P. J., MCAVOY, MARTIN, O'MALLEY and TOWNLEY, JJ.

Judgment, so far as appealed from, reversed, with costs to the appellant to abide the event and the case relegated to the Trial Term calendar with leave to plaintiff to amend the first and third causes of action by setting forth appropriate *ad damnum* clauses and a prayer for relief at law. Settle order on notice.