MORRIS A. PECK, Respondent, v. EDWARD PHILIPSON et al., Copartners under the Firm Name of CALIFORNIA CITRUS PULP Co., Appellants.

First Department, November 13, 1942.

*E. Philip Liflander* and *Herbert Stern* for appellants.

*Meyer D. Siegel* for respondent.

*Per Curiam.* The order of arrest predicated upon section 827 of the Civil Practice Act was not authorized. The first cause of action is one to recover compensation for services on a percentage basis of the net amount of sales of defendants' product.

Such an action is one at law and not maintainable in equity for an accounting. (*Terner* v. *Glickstein & Terner, Inc.*, 283 N. Y. 299; *Casey* v. *Nye Odorless Incinerator Corporation*, 238 App. Div. 242.) The second and third causes of action are admittedly legal and not equitable.

The fourth cause of action charges damage to plaintiff resulting from "the acquisition by these defendants of a list of desirable and prospective customers canvassed, procured and goodwill created solely by the plaintiff, and which defendants unconscionably appropriated without suitable compensation." The relief demanded is an injunction to restrain defendants from disclosing and turning over the list of customers to any other broker or from soliciting the trade of such customers without plaintiff's consent. There is no allegation of any agreement between plaintiff and defendant that the list of customers was to remain the property of the plaintiff. The fourth cause of action does not state facts which would entitle plaintiff to equitable relief.

We are of the view that upon the amended complaint there was no basis for the order of arrest.

The order should accordingly be reversed with twenty dollars costs and disbursements, and the motion to vacate the order of arrest granted.

MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed with twenty dollars costs and disbursements and the motion granted. Settle order on notice.