MAX KLINK, Appellant, v. KARL HERSHON, Respondent.

First Department, April 9, 1920.

**Discovery and inspection — inspection of books and papers in action for breach of contract of employment — scope of examination — proper practice where plaintiff has entered employment of competitor — failure to appeal from order of discovery.**

In an action for breach of contract of employment it was error for the court to limit an inspection of the defendant's books to a period less than that covered by the contract of employment where the plaintiff's damage was partially to be measured by the profits of the defendant's business.

However, it is not the policy of the court to allow such examination of the defendant's books where the employee has entered the service of defendant's competitor, for the proper remedy under such circumstances is an examination of the defendant before trial and a production of the books by *subpœna duces tecum*.

But as the defendant did not appeal from the order granting such examination and limiting the same it will be affirmed.

APPEAL by the plaintiff, Max Klink, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of December, 1919, which granted in part his motion for a discovery and inspection of the defendant's books, but limited the inspection of the books to the period from the 1st day of June, 1918, to the 22d day of June, 1918.

*I. Gainsburg* of counsel [*Maurice Neckritz,* attorney], for the appellant.

*Louis B. Brodsky,* for the respondent.

PAGE, J.:

The complaint alleges two causes of action, the *first,* to recover the weekly compensation agreed to be paid this plaintiff as a salesman from the date of his employment, June 1, 1918, to the date on which he claims he was wrongfully discharged, June 22, 1918; the *second,* to recover as damages for the breach of the contract of hiring a sum equal to five per cent of the net profits of the defendant's business during the agreed period of employment, which it is alleged he was entitled to receive under the contract. The answer is a general denial.

The plaintiff obtained an order for the examination of the defendant before trial. During the examination a stipulation was entered into whereby the defendant agreed to deliver to the plaintiff a verified statement containing schedules of sales, purchases, discounts, expenses, and all other matters essential to the ascertainment of profits of the defendant's business. The defendant failed to comply with this stipulation, and plaintiff thereupon made a motion for an order for defendant to produce and discover his books. In opposition, it is alleged that the plaintiff is in the employ of a competitor of the defendant. The court granted the order, limiting the inspection of the books to the period from June 1, 1918, to June 22, 1918. This order was erroneous. If the plaintiff was entitled to any inspection of the books, he was entitled to it for the entire period of the contract of employment. His damage will be measured by the profits of the business for the year. It has not, however, been the policy of the courts of this department to grant to discharged

employees, who are employed by competitors of their former employer, the right to roam at will through the books of the defendant. We have consistently held that the proper remedy under such circumstances was an examination of the defendant before trial and a production of the books by a *subpœna duces tecum.* (*Harbaugh* v. *Middlesex Securities Co.,* 110 App. Div. 633; *Strauss* v. *Von Tobel,* 131 id. 823; *Ortman* v. *Beiley,* 160 id. 258.) If the plaintiff abandoned the examination before trial in reliance upon the defendant's stipulation to furnish him with a verified statement, he should have applied for a second order for the examination of the defendant, alleging the facts with relation to the former order. This he may still do.

The defendant not having appealed, the order will be affirmed, without costs.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order affirmed, without costs.