FERDINAND W. FEY, Respondent, *v.* WILLIAM R. WISSER, Appellant.

Second Department, November 2, 1923.

Depositions — action to recover for services as salesman — counterclaim for breach of contract — order for examination of defendant before trial under Civil Practice Act, § 292, may also provide for production and examination of books under Civil Practice Act, § 324, and Rules of Civil Practice, rule 140 — defendant entitled to examine plaintiff as to affirmative defense and counterclaim — defendant cannot compel plaintiff to produce books of third persons.

In an action to recover for services rendered to the defendant as salesman in which the defendant interposed a defense of breach of contract and a counterclaim based thereon, an order for the examination of the defendant before trial, granted under section 292 of the Civil Practice Act, may provide for the discovery and inspection of books of the defendant as provided by section 324 of the Civil Practice Act and rule 140 of the Rules of Civil Practice.

The defendant who sets up an affirmative defense and counterclaim in which he specifies many alleged breaches of contract by the plaintiff is entitled to examine the plaintiff before trial as to the defense and counterclaim.

The defendant is not entitled to compel the plaintiff to produce books of third persons who are not parties to this action.

APPEAL by the defendant, William R. Wisser, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 27th day of June, 1923, granting the plaintiff's motion for the examination of the defendant before trial, and also from an order likewise made and entered, denying the defendant's motion for the examination of the plaintiff before trial.

*Meyer Britwitz* [*Lewis Nadel* with him on the brief], for the appellant.

*Samuel Schleimer,* for the respondent.

YOUNG, J.:

The complaint sets up three causes of action, each founded upon a separate agreement by defendant to employ plaintiff as a salesman and to pay him a certain percentage of the gross profits. The answer is a general denial with several separate defenses and counterclaims. The defense and counterclaim involved in this appeal alleges an agreement by plaintiff made in December, 1921, to perform certain services for defendant for one year, commencing January 1, 1922, to be paid thereafter $100 weekly; to devote his entire time, attention, etc., exclusively to defendant's business and not to engage in any other business, except that he was permitted to continue to solicit orders that could not be filled by the defendant on behalf of the Newark Box Board Company from customers not theretofore purchasing merchandise of the defendant, on condition that the commissions earned and received by him should be paid to defendant; that plaintiff should not divert any of defendant's trade, nor impair the good will of defendant's business nor solicit defendant's trade or the plaintiff's trade theretofore dealing with the defendant. The answer then alleges defendant's due performance of the agreement and plaintiff's breach thereof by soliciting defendant's trade for other mills, impairing the good will of defendant's business and diverting orders to competing mills and persons, and that he did not pay the commissions earned and received from the Newark Box Board Company; that thereby defendant was damaged in the sum of $10,000.

A reply was interposed by plaintiff, which is in substance a general denial.

Plaintiff moved upon an affidavit for an order directing defendant's examination as to certain matters set forth in his notice directing the production of certain books therein named and permitting their inspection by plaintiff.

Thereupon defendant moved for an order for plaintiff's examination concerning matters arising out of the counterclaim above referred to, and in aid of such examination the production of all books, papers or documents kept by him or by his son in his behalf, or by the firm of Fey & Lakin or the Lion Box Board Company showing the receipt of orders for box board with either the Newark Box Board Company, or any other box board mills or concerns, during 1922, the payment of commissions by said mills to plaintiff or his son or Fey & Lakin and the Lion Box Board Company during 1922 and 1923.

The learned justice at Special Term granted plaintiff's motion and an order was entered directing defendant's examination, and also directing defendant to produce the books in question, and

providing " that the plaintiff or his representative be permitted to inspect the said books." He denied defendant's motion. From the orders entered upon these motions, defendant appeals.

The only ground upon which appellant urges reversal of the order for his examination is that it combines an application for an examination before trial with one for an inspection of books, for which there is no authority.

Under the Code of Civil Procedure (§ 805) it was provided that a discovery and inspection might be compelled and that the proceeding should be based upon a petition upon which an order might be made directing the party against whom the discovery or inspection was sought to allow it or show cause why the prayer of the petition should not be granted.

The Code of Civil Procedure (§ 872, subd. 7) provided that an order for the examination of a corporation or association might direct the production of such books and papers as to the contents of which an examination or inspection was desired, and on such examination they might be offered and received in evidence in addition to the use thereof by the witness to refresh his memory.

Under these sections it has been held that an order for the examination of a corporation which directed the production of books and papers was not designed to afford the moving parties such an inspection or examination thereof as could be obtained in a proceeding for discovery, but solely to enable such books to be used as an adjunct of the oral examination, and that discovery and inspection could only be compelled in the mode pointed out by the Code, and not by a peremptory order granted *ex parte.* (*Mauthey* v. *Wyoming County Co-op. Fire Ins. Co.,* 76 App. Div. 579; *Matter of Thompson,* 95 id. 542; *Harby Steamship Co., Inc.,* v. *Staten Island S. Co.,* 189 id. 769.)

It has also been held that an order for discovery and inspection could not be united with one for examination before trial. (*Bloodgood* v. *Slayback,* 62 App. Div. 315; *Gottlieb* v. *Entemann, Inc.,* 157 id. 251.)

The reason why these two forms of relief could not be united seems to be that an examination before trial was obtained through an *ex parte* order, while a proceeding for discovery and inspection might only be founded upon a petition and order to show cause. In other words, the procedure in one case was *ex parte,* and the other upon notice.

It becomes necessary to inquire, therefore, whether the Civil Practice Act and the Rules of Civil Practice prescribe a different procedure.

Section 324 of the Civil Practice Act provides that the court may

by order compel discovery and inspection, the procedure therefor to be regulated by the rules.

Rule 140 of the Rules of Civil Practice provides that a party may apply to the court for an order requiring an adverse party to show cause why he should not be compelled to produce and discover, etc., a book, document, paper, etc., in his possession or under his control relating to the merits of the action or of the defense therein, such order to be granted on an affidavit showing that the book, document, etc., is not in the possession or under the control of the party applying therefor, but is in the possession or under the control of the party against whom discovery or inspection is sought.

Section 290 of the Civil Practice Act provides for the taking of the deposition of a party upon written notice of such examination, thus abolishing the former practice by which an *ex parte* order had to be obtained.

Section 292 of the Civil Practice Act, however, provides that a party entitled to take testimony by deposition may obtain an order from the court therefor in the first instance instead of proceeding by notice, and that the motion for such order shall be upon notice to the parties; and section 296 has broadened the provisions of the Code relating to the production of books and papers upon the examination of a corporation by extending the relief to an examination of an individual.

It will thus be seen that the only real objection which existed under the Code of Civil Procedure to combining these two forms of relief in one order is now obviated by the Civil Practice Act and the Rules of Civil Practice; that is, provided a party proceeds by an order for examination in the first instance, instead of by a mere notice. That is the procedure followed in the case at bar, and I can see no reason why this order should be reversed simply because it provides for discovery and inspection and also for an examination before trial. It will be more expeditious to have the examination and discovery together than separately. The nature of the action brought by plaintiff entitles him to both forms of relief, and nothing can be gained by requiring separate motions and separate orders.

The order denying defendant's motion for plaintiff's examination before trial is, in my opinion, however, erroneous and ought to be reversed. Defendant sets forth an affirmative defense and counterclaim. He alleges a certain contract by which he employed plaintiff to render services, and specifies numerous alleged breaches by plaintiff. It seems to me clear that he is entitled to an examination.

I do not think, however, he can compel the production by plaintiff of any books, papers or documents kept by the firm of Fey & Lakin and the Lion Box Board Company. They are not parties to this

action, and the production of their books and papers cannot be compelled upon an order for the examination of plaintiff.

The order granting plaintiff's motion to examine defendant before trial and for inspection of books should be affirmed, with ten dollars costs and disbursements. The order denying defendant's motion for the examination of plaintiff before trial should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

KELLY, P. J., RICH, JAXCOX and MANNING, JJ., concur.

Order granting plaintiff's motion to examine defendant before trial and for inspection of books affirmed, with ten dollars costs and disbursements. Order denying defendant's motion for examination of plaintiff before trial reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.