JOHN GUINEE, Appellant, *v.* J. L. MURPHY, INC., Respondent.

First Department, March 30, 1928.

Depositions — examination of defendant before trial — discovery and inspection of defendant's books — action to recover compensation for services based upon percentage of profits — plaintiff is entitled to examination and inspection of books.

In an action to recover compensation for services based upon a contract whereby the plaintiff was to be paid a certain percentage of the profits of the defendant's business the plaintiff is entitled to an examination of the defendant before trial and to a discovery and inspection of the defendant's books, for unless he can prove profits made in the business he will be unable to establish his cause of action.

This action is one at law and not in equity and, therefore, it is not necessary for the plaintiff first to establish his right to an accounting before he is entitled to an examination.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 25th day of January, 1928.

*M. Edward Kelley* of counsel [*Kelley & Connelly*, attorneys], for the appellant.

*Frank M. Avery* of counsel [*Phillips & Avery*, attorneys], for the respondent.

22

MARTIN, J.   In this action to recover compensation for services measured by a share of the profits, the plaintiff seeks an examination before trial and an inspection and discovery of defendant's books.   The motion is opposed by the defendant on the ground that the action is in equity and that the plaintiff must first establish his right to an accounting before he is entitled to the examination. The action is not in equity; it is an action at law.   At the trial the plaintiff must establish both his contract and the amount due thereon.   Unless he can prove the profits made in the business he will be unable to establish his cause of action.

In *Oppenheimer* v. *Van Raalte* (151 App. Div. 601) Presiding Justice INGRAHAM said: " The mere statement of this cause of action is sufficient to establish that the only method the plaintiff has of proving his cause of action is to examine the defendants before trial. The plaintiff has no records of the defendants' business, and the defendants alone can supply the legal proof to show what their net profits were for the year 1909 to which the plaintiff was entitled to a percentage.   The plaintiff cannot maintain an action for an accounting under such a contract, but is required to bring an action at law, and for the court to refuse to allow him to examine the defendants before trial so as to prove his cause of action would be to prevent the plaintiff from having a recovery, although if such testimony had been allowed he would have a good cause of action.   *   *   *   The facts and circumstances showing the materiality of the defendants' evidence is stated, and it is apparent from the nature of the action and the facts stated that the evidence of the defendants upon this examination is necessary to enable plaintiff to prove the amount to which he was entitled."

In *Fey* v. *Wisser* (206 App. Div. 520) and in *Burns* v. *Lipson* (204 *id.* 643) it was held that the plaintiff in such an action is entitled to an examination with the use of defendant's books to prove the profits, in order to render it possible for him to make this proof.

Cases holding that a discharged employee may not have this relief where he is working for a rival concern or where for some other reason the good faith of the application is doubtful are not in point.   (*Klink* v. *Hershon,* 191 App. Div. 504; *Singer* v. *National Gum & Mica Co.,* 211 *id.* 758.)   They have no application where the action is apparently meritorious and no element of unfair competition or other matter indicating an ulterior purpose appears. (*Strong & Trowbridge Co.* v. *Defiance Machine Works,* 182 App. Div. 869.)

The order should, therefore, be modified by granting the motion for examination except as to item No. 9, and for the production

and use of the books and papers, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order modified by granting the motion for examination and for the production and use of the books and papers, and as so modified affirmed, with ten dollars costs and disbursements to appellant. The date for the examination to proceed to be fixed in the order. Settle order on notice.