WILLIAM C. SMITH, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Action to recover damages for personal injuries sustained by plaintiff as a result of a collision between plaintiff's truck and defendant's trolley car. Order setting aside verdict in favor of plaintiff for $3,500, and granting a new trial on the ground that it was excessive, unless plaintiff stipulate to reduce it to $1,000 unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

WIKTORYJA SOBOLEFSKI, Appellant, v. JOSEF GORSKY, Also Known as ˋJOZEF GORSKI, and Another, Defendants, and PAULINE GIBASH, Respondent.— Action to enforce repayment of a loan made to defendants Gorsky and to impress a lien for the amount thereof on real property in the name of defendant Gibash. Judgment in so far as it dismisses the complaint as against defendant Gibash unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

310 RIVERSIDE BOULEVARD CORPORATION, Respondent, v. SADIE WEISS, Appellant, and Others, Defendants.— In an action to reforeclose a mortgage where certain defenses and counterclaims were interposed, order in so far as it fails to provide for an examination of the plaintiff and one Goodman before trial as to items " d," " n " and " o," enumerated in the order to show cause, and in so far as it limits the production of books and papers to such only as may be necessary to refresh recollection, reversed on the law and the facts, with ten dollars costs and disbursements, and motion in these respects granted, with ten dollars costs; the examination to proceed on five days' notice. In our opinion the items in question all related to matters which must be proved by the appellant in order to establish her defenses and counterclaims and should have been allowed, and the use of the books and papers directed to be produced should not have been limited as prescribed in the order. (*Fey* v. *Wisser*, 206 App. Div. 520; *Zeltner* v. *Fidelity & Deposit Co. of Maryland*, 220 id. 21; *Wertheim* v. *Grombecher*, 229 id. 16.) Appeal from order denying motion to resettle said order dismissed. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

ROBERT C. VERNES, Respondent, v. SOPHIE M. VERNES, Appellant.— Judgment adjudging that plaintiff is the true owner of certain premises situate in Brooklyn and Hastings-on-Hudson, and directing the defendant, his wife, from whom he has procured a judgment of separation, to convey the premises to him by quitclaim deed, reversed on the law and the facts and a new trial granted, costs to appellant to abide the event, upon the ground that the determination is against the weight of the evidence, and upon the further ground that the court erred in excluding documentary proof that defendant had issued checks in payment of the purchase price of the Brooklyn property and for the improvement thereof. Findings of fact inconsistent with this decision are reversed. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur. Settle order on notice.