JOSEPHINE COUZEN, Respondent, v. MATILDA ENJEM, Appellant.— Case held, decision reserved. Memorandum: While we recognize that normally this court would be without power to resettle the record, by the opinion of the Trial Justice and his statement therein that these affidavits were not used upon the trial of the action, it is patent that had he believed that he had the power to resettle the record, then on file in this court, he would have done so. The motion was orally argued in this court as part of the main appeal. We are satisfied that the questioned affidavits have no place in this record. Under such circumstances it would be an idle ceremony to return this matter to the Trial Justice who undoubtedly would resettle the record by striking out these papers as they should be stricken out. Accordingly, while we recognize the rule that it is for a trial court and not this court to settle the record, we feel that we could decide this appeal, disregarding the questioned affidavits which have no place in this record, as included therein by mistake (Civ. Prac. Act, § 105). However, in view of the claimed disqualification of the Trial Justice, we deem it inadvisable to proceed with the determination of the appeal at this time and so hold the decision for thirty days during which time the defendant may apply to the Special Term to vacate the judgment because of the claimed disqualification and upon advising us that such an application has been made, we will withhold decision until the Special Term determines that motion. In the event of an appeal from any order made by the Special Term on defendant's motion, that appeal and the present appeal will be considered at the same time. All concur. (The judgment is for plaintiff, less the amount awarded on defendant's counterclaim, in an action on a promissory note.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.

NORMAN M. SCHROCK, Appellant, v. GEORGE WOLEBEN, Respondent.— Judgment affirmed, with costs. All concur. (The judgment is for defendant for no cause of action in an automobile negligence action.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.

JOHN E. STEARNS, Respondent, v. BOYD DUDLEY, JR., et al., Appellants.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff in a stockholder's action for an accounting.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.

LOUIS J. MELZER, Respondent, v. ISADORE MELZER, Appellant, et al., Defendants.— Order modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: The examination before trial of the defendant should be confined to matters material and necessary to establish plaintiff's right to an accounting, but not the account itself. The following words should be stricken from item " 1 " contained in the order appealed from: " the purchase price, the terms of payment and other items of the contract of purchase." The following words should be stricken from item " 4 " contained in the order appealed from: " the suppliers and the names and addresses of the customers of the businesses conducted at said stores while defendant was the sole owner and operator thereof." The following words should be stricken from item " 8 " contained in the order appealed from: " the suppliers and the names and addresses of customers of the businesses conducted by Melzer Bros. Inc." The defendant likewise should not be compelled to produce his records and books of account upon an examination at this stage of the litigation. There is no basis in this record for ordering the production of the books and records of Melzer Bros., Inc. The final ordering paragraph directing the production of the books, records, etc., should be stricken from the order. The order as so modified should be affirmed. All concur. (The order grants plaintiff's motion for an examination of defendant Isadore Melzer before trial.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.