LEW MAUSER, Appellant, v. SAMUEL SCLAR, Respondent.— In an action for money loaned by plaintiff to defendant between March 14, 1950, and April 5,

1950, defendant alleged as a defense that the money was given and received as an advance under a contract between defendant and a corporation of which plaintiff was president, chief stockholder and managing agent. Plaintiff appeals from an order which granted defendant's motion for plaintiff's examination before trial in support of that defense, and in connection therewith required the production of various books, records and documents of the plaintiff and of the corporation. Order modified on the law and the facts by striking from the third ordering paragraph everything following the words " Section 296 of the Civil Practice Act," and substituting therefor " any cancelled checks of the plaintiff for the said $5,000 and any vouchers or receipts signed therefor by the defendant, plaintiff's check book with check stubs for the period March 14, 1950, to April 5, 1950, and plaintiff's books of account and other papers, records and documents relating to the agreement alleged in paragraph five of the answer." As so modified, the order is affirmed, without costs, the examination to proceed on five days' notice. In our opinion the production of all of plaintiff's books and papers enumerated in the order of the Special Term should not have been required. Those records, in part, related to matters beyond the scope of the examination and were not relevant thereto. It was also improper under the circumstances disclosed, to require plaintiff, on his examination, to produce the books of a corporation which was not a party to the action. (*Fey* v. *Wisser*, 206 App. Div. 520.) Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.