█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AIDA ANDINO RIVERA, Appellant.— Appeal (1) from a judgment of the County Court, Kings County, convicting appellant, on her plea of guilty, of petit larceny, and sentencing her to imprisonment in the New York City Penitentiary, and (2) from said sentence. Judgment unanimously affirmed. (See *People* v. *Porfido,* 279 App. Div. 1036.) No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

█ C. VAN NESS WOOD et al., Appellants, v. CROSS PROPERTIES, INC., Respondent.— In an action to recover moneys alleged to be due upon a brokerage contract and for other relief, in which counterclaims have been interposed for an accounting and for other relief, the appeal is (1) from so much of an order dated December 11, 1957, directing two of the appellants to appear for examination before trial, as denied appellants' motion to strike from item 6 of respondent's notice of examination "and their earnings from such other business activities" and (2) from so much of an order dated December 27, 1957 as on reargument adhered to the original decision. Order dated December 27, 1957 modified by striking therefrom everything following the words "is adhered to" in the second ordering paragraph and by adding thereto "except that the words 'and plaintiffs' earnings from such other business activities' are hereby struck out of item 6 as set forth in the first ordering paragraph of the order of this court dated December 11, 1957, and entered in the office of the clerk of the County of Westchester on December 12, 1957." As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to appellants. The counterclaim in which respondent has asserted a right to the moneys which appellants Wood and Kamm earned from other business activities during the period of time that they were allegedly rendering services under their contract with respondent has been pleaded as a cause for an accounting. An examination as to the account itself is, of course, not permitted until the right to the accounting has first been established by an interlocutory decree. Appeal from order dated December 11, 1957 dismissed, without costs. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

█ TOWN OF HUNTINGTON, Respondent, v. BROAD HOLLOW ESTATES, INC., Appellant.— Appeal from a judgment enjoining appellant from excavating and removing any topsoil, sand, gravel, stone or other minerals from its property in the town of Huntington, Suffolk County, until a permit is issued pursuant to article VA of the town's building zone ordinance. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

## THIRD DEPARTMENT, FEBRUARY, 1958

### (February 5, 1958)

█ CHANNEL MASTER CORPORATION, Appellant, v. ALUMINIUM LIMITED SALES, INC., Respondent.— Motion for permission to appeal to the Court of Appeals upon certified questions granted, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur. [See *ante,* p. 715.]