Mabio Pittoni, J.
The defendant moves to vacate a notice for his examination on the ground that the notice demands the production of books of certain corporations and partnerships, which are not parties to the action. However, the plaintiff claims that the defendant is a member of the partnerships to be examined.
The complaint sets forth a cause of action to recover sums due under a contract, by which the defendant agreed to pay the plaintiff wife $125 per week, plus $1,000 from the sale of all houses sold by him. The contract is in the nature of a support agreement, made in consideration of the wife’s covenant to refrain from instituting an action for legal separation and assault.
The answer contains two affirmative defenses: one alleging the procurement of the contract by fraud; and the other alleging that the contract is void as against public policy because it constitutes a separation agreement without a separation in fact of the parties.
The notice of examination demands the corporate and copartnership records from September 7,1955 to date. No subpoena has been served on the corporations or the partnerships. Neither are parties to the agreement nor to this action. Under the circumstances disclosed, it is improper to require the defendant on his examination to produce the records of the corporations (Mauser v. Sclar, 278 App. Div. 661). However, a partnership is not a separate legal entity; the partners are “ co-owners ” (Partnership Law, § 10).
The notice to produce is modified by striking therefrom the requirement for the production of the corporate books and records. In other respects the motion is denied.
The examination shall proceed in accordance with the notice, as herein modified, on March 29, 1961, at 10 o ’clock in the forenoon, at the Clerk’s office, Special Term, Part II, of this court.