■ MARTIN OBOLER et al., Respondents, v. BEAKATRON MANUFACTURING CORP. et al., Appellants.— In an action for rescission, for an accounting, and for other equitable relief, defendants appeal from so much of an order of the Supreme Court, Queens County, dated November 27, 1961: (1) as denied their motions (a) to vacate plaintiffs' notice to examine the corporate defendant before trial, and (b) to preclude plaintiffs, by reason of their failure to serve a bill of particulars, from offering at the trial any evidence with respect to the items contained in defendants' demand for such particulars; (2) as directed the examination before trial to proceed; and (3) as directed that plaintiffs serve their bill of particulars within 10 days after such examination shall have been concluded. By their notice for such examination, the plaintiffs sought to examine the corporate defendant through the individual defendant, and to require the corporation to produce certain of its books and records "for the purposes authorized by section 296 of the Civil Practice Act ". The examination was sought "with respect to the relevant and material allegations of fact put in issue by the pleadings in the action." The corporate books and records required to be produced at such examination were the following: " General Ledgers, Sales Ledgers, Job Sheets, Accounts Receivable Ledgers, Cash Receipts Ledgers * * * from March 1, 1958 to present [and] All records of bids and contracts made with and to the Federal Government and any agency thereof relating to the manufacture of Thermocouple assemblies or any manufactured item or items relating thereto." On the argument of the appeal, plaintiffs stated that they have no objection: (a) to a limitation of their examination before trial to such matters as relate to their *right* to an accounting, and (b) to the elimination from such examination of all matters which may relate to the items in the account. Order modified as follows: (1) by adding a provision limiting the scope of the examination to plaintiffs' right to an interlocutory judgment for an accounting and excluding the items comprising the account; (2) by adding another provision limiting the production of the corporate books and records to those matters which antedate the commencement of the action and which do not relate solely to the items of the account. As so modified, order, insofar as appealed from, affirmed, without costs. The examination shall proceed on 10 days' written notice or on any other date mutually fixed by the parties. Except for matters relating solely to items of the account itself, it was not improper to permit the examination to proceed with respect to the relevant and material allegations of fact put in issue, without a specific enumeration of the matters on which the examination is to be had (*Rector, etc.,* v. *Munsell,* 11 A D 2d 698; *Milner* v. *Long Is. Daily Press,* 10 A D 2d 519). In view of the fact that, intrinsically, the cause of action was based on allegations that, with respect to a joint venture in which the parties were to share profits equally, defendants had fraudulently misrepresented that losses had been and would be sustained by the corporate defendant in its manufacture of a certain item, plaintiffs may examine as to facts which they must establish in order to obtain an interlocutory judgment as prayed for, even though some of the proof thus adduced may also relate generally to the damages subsequently shown upon the accounting (4 Carmody, New York Practice [2d ed.], § 1236; *Wertheim* v. *Grombecker,* 229 App. Div. 16; *Muller* v. *Ackerman,* 246 App. Div. 849). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.