■ IRVING CORWIN, Respondent, v. SHELDON KAUFMAN et al., Individually and as Partners Formerly Doing Business under the Name of IRVING KAUFMAN & Co., Appellants.— In an action for a judgment declaring that a partnership between the parties herein was dissolved and for an accounting, defendants appeal from so much of an order of the Supreme Court, Queens County, dated May 20, 1971, as denied the portion of their motion which was to modify plaintiff's notice to examine defendants by eliminating all of the books and records enumerated in said notice. Order reversed insofar as appealed from, with $10 costs and disbursements, and the branch of defendants' motion which was to modify plaintiff's notice of examination by eliminating all the books and records enumerated in said notice is granted. In his complaint plaintiff alleges that the partnership, a firm of certified public accountants operated by plaintiff, defendants and another, was created by an agreement made by them in 1956; that the partnership was dissolved in 1963; that pursuant to an agreement between the parties a final accounting was deferred pending final liquidation of the partnership by defendants; that liquidation has been completed by defendants; and that defendants, despite plaintiff's demand, have failed to turn over plaintiff's rightful share of the proceeds. Defendants have denied all the material allegations of the complaint. Plaintiff's notice of oral examination of defendants stated that defendants were required to produce " All books of account, cash receipts and disbursements ledgers and general ledger of the dissolved partnership ". Special Term denied defendants' motion to modify the plaintiff's notice by eliminating all the books and records referred to in said notice. In our opinion, Special Term was in error. The right to an accounting based upon the existence of a partnership agreement must be established before examination of the account itself may be had. At this stage of the proceeding there is no basis in the record for ordering the production of defendants' records and books of account (*Koerber* v. *Rutherford*, 262 App. Div. 869; *Melzer* v. *Melzer*, 274 App. Div. 1028). Plaintiff contends that he requires the account books to determine when his cause of action accrued. Again, no such cause of action has been established as yet which would warrant the production of the account books for this purpose. Munder, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ GOLD HART CHEMISTS, INC., et al., Appellants, v. MAX PLATT, Respondent.— In this action for a declaratory judgment that, *inter alia,* certain promissory notes executed by plaintiff Gold Hart Chemists, Inc. and indorsed by plaintiff Goldstein as guarantor were discharged, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated November 23, 1970, which denied their motion for summary judgment. Order affirmed, without costs. Plaintiffs' contention that Morris Hartman (not a party to this action and a co-obligor on the notes) was released by defendant from any further obligation on the notes, and that therefore they were also thereby discharged from further obligation thereunder, was not established in the record. Plaintiff Goldstein's affidavit that he was so informed by Hartman was insufficient to establish such alleged fact. A plenary trial is called for at which Hartman and other persons who participated in the transaction between him and defendant might testify concerning whether defendant had released Hartman wholly or partially from his obligation under the notes. (See General Obligations Law, §§ 15–103, 15–104, 15–105, as to the extent, if any, to which the release by an obligee of notes to one obligor might effect a total or partial release of the co-obligors' liability on the notes.) Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.