## Second Department, February, 1973
### (February 5, 1973)

■ Shirley E. Alderman, Respondent, v. Robert Eagle, Appellant, and Sidney Eagle and ano., Defendants.— In an action for an accounting, defendant Robert Eagle appeals from an order of the Supreme Court, Kings County, dated October 11, 1972, which (1) denied his motion to vacate plaintiff's notice to examine said defendant before trial and to produce certain papers, documents and records upon the examination and (2) directed him to submit to such examination and to produce such papers, etc. Order modified (1) by inserting in the first ordering paragraph thereof, immediately after the words that the motion "is hereby in all respects denied," the following: "except that the examination shall be limited as hereinafter provided"; and (2) by inserting in the second ordering paragraph thereof, immediately following the direction that appellant submit to examination pursuant to the notice "heretofore duly served upon his attorneys," the following: "but limited to the issue of whether plaintiff is entitled to an accounting." As so modified, order affirmed, without costs. The examination shall proceed at the place fixed in the order under review on 20 days' written notice, to be given by plaintiff, or at any other time and place fixed by the parties by written stipulation. It is well established that in an action for an accounting the plaintiff is not entitled to examine the defendant with regard to items which are essentially fiscal in nature until by an interlocutory judgment plaintiff has established his right to an accounting (*Rector, Churchwardens & Vestrymen of Church of Holy Trinity* v. *Munsell,* 11 A D 2d 698; *Tooley* v. *Exempt Firemen's Benevolent Assn. of City of Yonkers,* 13 A D 2d 685). In the present case, no judicial determination establishing plaintiff's right to an accounting has been made. Under these circumstances plaintiff's examination of appellant should be restricted to plaintiff's right to an accounting and "to those matters * * * which do not relate solely to the items of the account" (*Oboler* v. *Beakatron Mfg. Corp.,* 17 A D 2d 639). All matters material and necessary to such inquiry, including, but not limited to, the issue of whether or not a fiduciary relationship existed between the parties to this action, may properly be inquired into at the examination. Any papers, documents or records used at the examination may also be marked in evidence (*Zeltner* v. *Fidelity & Deposit Co. of Maryland,* 220 App. Div. 21; *Beeber* v. *Empire Power Corp.,* 260 App. Div. 68). Martuscello, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

■ Stella Biedermann, Respondent, v. Ralph Biedermann, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County, dated November 22, 1971 and made after a nonjury trial, which *inter alia* granted plaintiff a divorce. Judgment modified, on the facts, (1) by reducing (a) the counsel fee awarded therein to plaintiff from $4,500 to $2,500 and (b) the five monthly installments thereof from $900 to $500 and (2) in the second decretal paragraph thereof by (a) deleting all the words commencing with "retroactive" and ending with "rent" and (b) inserting, immediately after the words "said payments of $75.00 per week to be payable in advance", the following: "commencing with the date of the judgment, November 22, 1971." As so modified, judgment affirmed, with costs to respondent. Under the facts and circumstances of this case, the counsel fee allowed by the trial court is excessive to the extent indicated herein and the payments of alimony and child support should commence as of the date of the judgment. Hopkins, Acting P. J., Munder, Latham, Gulotta and Benjamin, JJ., concur.