■ MARK WISHMAN et al., as Assignees of and Successors in Interest to INEZ WISHMAN, Appellants, v. GENESEE-MONROE RACING ASSOCIATION, INC., Also Known as BATAVIA DOWNS, et al., Respondents.— Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: Plaintiff's right to examine defendant corporation upon all the causes of action stated in the complaint is limited where she has not established a right to an accounting. It is clear from the instant record that the sole basis for plaintiff's claim of stock ownership in the defendant is her bald assertion thereof in the complaint. There is no supporting documentary evidence which buttresses plaintiff's claims to ownership in defendant corporation. It is generally held that the right to an accounting is dependent upon the establishment of the underlying liability which gives rise to the duty to account. " The right to an accounting based upon the existence of a partnership agreement must be established before examination of the account itself may be had. At this stage of the proceeding there is no basis in the record for ordering the production of defendants' records and books of account (*Koerber* v. *Rutherford*, 262 App. Div. 869; *Melzer* v. *Melzer*, 274 App. Div. 1028). Plaintiff contends that he requires the account books to determine when his cause of action accrued. Again, no such cause of action has been established as yet which would warrant the production of the account books for this purpose." (*Corwin* v. *Kaufman*, 37 A D 2d 838.) The same position is stated in Weinstein-Korn-Miller, New York Civil Practice (vol. 3A, par. 3101.18) : " The courts distinguish between examinations relating to the right to an accounting and those pertaining to the accounting itself, permitting the former but denying the latter until the right to an accounting has been established. The rule is designed to avoid needless revelation of the contents of the examinee's books. Accordingly, examination will be permitted where there is no preliminary issue which can be determined without the accounting." To the extent that plaintiff seeks to examine the books, records and documents of defendant corporation in order to establish her right as a stockholder to determine to what use the assets and income of the defendant have been put, such examination should not be permitted until plaintiff establishes her right to seek such relief. Until plaintiff establishes her legal status as a stockholder, relief in the nature of an account of discovery of the books and records looking

toward such relief should not be permitted. However, even though the right to an accounting has not been established, an exploration of the books and records of the defendant is permissible to the extent that the preliminary issue of liability cannot be established without such examination (*Oboler* v. *Beakatron Mfg. Corp.*, 17 A D 2d 639; 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.18). More than the stock ledger book, the stock transfer book and the corporation minute book have relevancy to the substantiation of plaintiff's claim to stock ownership. Her allegations in the third cause of action concern a $50,000 loan to the corporation, an additional $32,000 from one William Weisman, a pledge of the stock that defendant Harold Wishman was holding for plaintiff and an issue of new stock to plaintiff in the name of her husband and Ezra Fisher for the satisfaction of the corporate obligation in the amount of $32,000. The exploration of the corporate finances from 1940 to and including 1944 would aid plaintiff in an attempt to establish the truth of her allegations concerning loans to the corporation and the corporation's use of such moneys. Since on the face of the complaint the corporate books for these years would have a bearing on the question of establishing the plaintiff's stock ownership, she should be permitted an examination of the books, records, documents and other material requested in the notice of examination, limited however to the five years alluded to in plaintiff's third cause of action. Plaintiff's contention that defendant has waived its right to object to full disclosure of all the material requested down to the present date is without merit. Even if we assume that statements by counsel for defendant corporation on the record in the examination before trial constituted an agreement, it would not be binding upon the corporation (CPLR 2104). The order should be modified by excluding from its provisions, books and records requested in plaintiff's notice of examination dated December 31, 1968 and as required by a subpoena duces tecum dated February 15, 1972 for the years 1940 through 1944. (Appeal from order of Monroe Special Term granting protective order.) Present — Marsh, J. P., Witmer, Cardamone, Simons and Henry, JJ.