■ In the Matter of the Estate of SAUL SCHNEIER, Deceased. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: In this probate proceeding appellants contend only that the testator lacked testamentary capacity. Their motion to examine the nominated executor of the will, Merchants National Bank and Trust Company of Syracuse (Merchants), and for the production by Merchants at such examination of all papers of any nature in its possession in any capacity was far too broad (3A Weinstein-Korn-Miller, NY Civ Prac, par 3120.17), and the Surrogate properly limited the examination "to documents or papers pertaining to investment or banking records of the decedent whether in his individual, fiduciary or any other capacity" and "any and all income tax records of the decedent" and properly restricted the examination to a six-year period prior to the date of the alleged will. Disclosure proceedings in Surrogates' Courts are governed by article 31 of the CPLR (CPLR 408). The test for disclosure is materiality, that is, relevancy and usefulness *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406–407; *Rufer v New York State Teachers Assn.,* 42 AD2d 1040; *Savitsky v General Motors Corp.,* 40 AD2d 1025). The Surrogate's order adequately designated the documents which the contestants may reasonably need upon the issue of testamentary capacity. In the absence of a special showing, three years is the usual period for examination of the testator's capacity prior to the execution of the alleged will *(Matter of Eschen,* 17 Misc 2d 281; *Matter of Egger,* 188 Misc 542; *Matter of Frank,* 165 Misc 411), and appellants have no legitimate complaint concerning the order in which the Surrogate granted them a six-year period for their examination. (Appeal from order of Onondaga County Surrogate's Court limiting examination before trial.) Present—Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.

■ In the Matter of the Estate of SAUL SCHNEIER, Deceased. (Appeal No. 3.)—Order unanimously modified in accordance with memorandum and, as modified, affirmed, with costs, to appellant. Memorandum: In this proceeding petitioner-appellant claims that he was in the testator's employ for

30 years prior to the latter's death, that he has a claim to "All the assets, documents, records and proceeds of, or relating to the investment account of petitioner in the hands of decedent or under his control at the time of his death, or thereafter coming into possession or control of the Fiduciary, including 2312 shares of Cities Service Company stock", and other assets. On February 11, 1974 the nominated executor of testator's will, Merchants National Bank and Trust Company of Syracuse (Merchants), having been appointed preliminary executor of testator's will (SCPA 1412) pending a will contest in which petitioner herein is one of the contestants, noticed an examination before trial of petitioner with respect to his claim. Under the same date, but undeniably served later, petitioner noticed an examination before trial of Merchants, as such executor, with respect to "the investment account of petitioner and money and property of petitioner in the hands of the decedent or under his control at the time of his death * * * and all prior events leading up to and relating thereto", and for the production by Merchants of "all papers" and "evidences of assets of any form" in the hands of Merchants "whether held by him in his individual, fiduciary or any other capacity". Petitioner then made a motion for an order for the examination of Merchants before trial and for its production of the documents specified in the above notice, and he asked that such examination before trial be scheduled before Merchants' examination before trial of him. The Surrogate granted the motion in part, but restricted it to papers and writings "pertaining to investment and or banking records and income tax records of the decedent whether in his individual fiduciary or any other capacity, and limited to a period of time which shall not exceed six years prior to the date of decedent's death"; and the Surrogate held that such examination must follow Merchants' examination before trial of petitioner. Petitioner appeals from that order. Surrogates' Courts disclosure proceedings are governed by article 31 of the CPLR (CPLR 408). Since Merchants first noticed its examination before trial, the court properly granted it priority of examination (CPLR 3106). This is especially so in this case where petitioner's allegation of his fiduciary relationship with the testator and his right to estate assets are so sparse (see *Alderman v Eagle,* 41 AD2d 641). A party is entitled to disclosure only insofar as the items sought are material, that is, relevant and useful with respect to the issue involved *(Matter of Schneier,* 50 AD2d 715). Petitioner makes no showing that other records than those specified by the Surrogate should be produced for inspection, and the order was properly restricted in this respect. Despite the paucity of petitioner's showing, the Surrogate granted the examination before trial and the discovery of specified documents, but limited it to six years preceding testator's death. Since testator acknowledged in his will that petitioner had long been in his employ, it appears that on the basis of the claim herein petitioner has the right to examine Merchants and such specified documents for the entire period. The order should be modified, therefore, to extend the period of examination to the length of time that petitioner was in testator's employ, approximately 30 years. Such examination, however, shall be deferred until after the conclusion of the probate proceedings, after which it should promptly proceed. (Appeal from order of Onondaga County Surrogates Court limiting examination before trial.) Present—Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.