■ FRANK J. LoVERDE, Respondent, v INTEREX DESIGN & EQUIPMENT CORP. et al. Appellants.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Defendants appeal from an order directing them to produce all of the individual defendant's business records and the corporations' business records for the period since February, 1973 for plaintiff's use on his examination of defendants before trial. Plaintiff has alleged five causes of action, to wit, first, that in February, 1973 defendant Cantisano employed him as a designer and supervisor of construction for the sum of $500 per week to work for Cantisano and two corporations to be formed, that plaintiff engaged in such employment for 75 weeks, earning $37,500, only $18,100 of which has been paid, and defendants have refused to pay the balance; second and third, that plaintiff was a designer and general contractor of restaurants and bars, with 20 years of experience, and because of his expertise, defendant Cantisano solicited him to enter into business with Cantisano in a corporation to be formed, to wit, the defendant Interex Corporation, in which plaintiff was to be president and director, was to be issued 50% of the shares of stock thereof and share in 50% of its profits; that pursuant to such offer, which plaintiff accepted, plaintiff contributed one half of the cash needed to form the corporation, contributed accounts from his previous personal business and carried on the business of the new corporation from October, 1973 to March, 1975; that through Cantisano's inducement plaintiff wrote to his own suppliers to advise them of his "new arrangements" with Cantisano, and he discontinued his former work; that Cantisano thereafter "unjustly terminated" plaintiff's relationship with defendants and refused to issue to him the stock of Interex Corporation, refused to pay plaintiff his share of the profits and denied him an accounting of the business affairs of that corporation; and fourth and fifth, plaintiff alleges that under similar solicitation by Cantisano plaintiff joined him in organizing a general contracting business under the name of CLD Corporation (Cantisano and LoVerde Development Corp.) in which plaintiff was to be vice-president and a director and receive 15% of the shares of stock and 15% of the profits; that he contributed one half of the cash needed to form the corporation, which Cantisano accepted; that the corporation was formed and plaintiff supervised the construction and remodeling of buildings on property of Cantisano; that he was "unjustifiably terminated" by Cantisano; and that issuance of the stock and payment of his share of the profits was denied to him and he was denied an accounting of the business affairs of the CLD Corporation. In the WHEREFORE clause plaintiff includes a demand for $350,000 in punitive damages for the misrepresentations and improper termination of his interest in the two corporations. Defendants contend that until plaintiff prove his right to stock or an interest in the corporation he is not entitled to examine their books and records, and that in any event the scope of the order granting the examination is too broad. Plaintiff argues

that because his agreement with Cantisano was oral, he must have the broad examination to "unravel the financial dealings of the defendants" and to enable him to prove his causes of action and to determine whether he has other causes of action against defendants. We agree that there should be full disclosure with respect to all appropriate issues (CPLR 3101, subd [a]; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403; *Kenford Co. v County of Erie,* 41 AD2d 586). Plaintiff, however, may not examine the corporate books until he has established that he is a stockholder or director or has a vested contract right thereto (Business Corporation Law, § 624; 3 White, NY Corporations, par 624), and he is not entitled to an accounting until he has established an agreement that he share in the profits; nor is he now entitled to examine defendant Cantisano's income tax returns (3A Weinstein-Korn-Miller, NY Civ Prac, pars 3101.07, 3111.04). Nevertheless, for the limited purpose of establishing his rights to share in corporate profits, and thus his right to an accounting as opposed to an accounting itself, plaintiff is entitled to examine defendants and their business records *(Wishman v Genesee-Monroe Racing Assn.,* 43 AD2d 785). Thus, plaintiff is entitled to examine the books and records of each defendant corporation with respect to its incorporation, including the minutes thereof, names of incorporators, officers and stockholders; to examine business records of the corporations and defendant Cantisano for entries indicating the nature of plaintiff's services, if any, to them and his status with respect to the defendants in connection therewith; entries of his cash contributions, if any, to them in 1973, of customers turned over to them by him, of payments made by any of defendants to him and records indicating the circumstances under which such payments were made to him. (Appeal from order of Monroe Supreme Court—protective order—disclosure.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.