■ JESSICA SCHREIER, Respondent, v RICHARD MASCOLA, Appellant. — In an action to recover damages for breach of contract and for an accounting, defendant appeals from an order of the Supreme Court, Nassau County, dated March 26, 1980, which (1) "recalled" a prior order of the same court, dated March 11, 1980, (2) granted plaintiff's motion to direct the issuance of a commission to out-of-State attorneys, *inter alia,* to discover, inspect and copy documents in the control of a nonparty witness, and (3) denied defendant's cross motion for a protective order. Order modified, on the law, by deleting the provision granting plaintiff's motion and substituting a provision denying the motion. As so modified, order affirmed, with $50 costs and disbursements to defendant. In the absence of an interlocutory judgment establishing plaintiff's right to an accounting in the first instance, it was improper for Special Term to direct the issuance of a commission pursuant to CPLR 3108, *inter alia,* to discover and inspect defendant's financial records relating to items of the account itself (see *Alderman v Eagle,* 41 AD2d 641; *Corwin v Kaufman,* 37 AD2d 838; see, also, *O'Neill v Giallombardo,* 49 AD2d 1002). Discovery of defendant's financial records is apparently not required in plaintiff's contract action, wherein a fixed amount of $8,000 has been demanded as damages. Gibbons, Gulotta and Cohalan, JJ., concur.

Lazer, J.P., concurs in part and dissents in part, with the following memorandum: At issue here is the plaintiff's right to pretrial discovery of defendant's financial records in an action where the complaint contains separate causes of action for breach of contract and for an accounting. In denying plaintiff the right to such discovery, the majority has harkened back to the venerable rule that where an equitable accounting is sought by the plaintiff, matters essentially fiscal in nature must remain inscrutable until the right to an accounting has been established by an interlocutory judgment (see *Alderman v Eagle,* 41 AD2d 641; *Corwin v Kaufman,* 37 AD2d 838; *Wood v Cross Props.,* 5 AD2d 853; *Koerber v Rutherford,* 262 App Div 869; *Melzer v Melzer,* 274 App Div 1028; *Conrady v Buhre,* 148 App Div 776). In my view, modern principles of pleading and liberal rules of discovery require that when an accounting claim is joined with a cause of action which entitles the plaintiff to fiscal discovery, the restrictive approach to disclosure must yield to the broader right. The action involves two dentists whose three-year association ended in litigation. The first cause of action in the complaint, sounding in contract, alleges that in 1976 plaintiff, Jessica Schreier, and defendant, Richard Mascola, entered into an agreement whereby the plaintiff agreed to perform full-time professional dental services "in conjunction with" the defendant. Schreier alleges that she was to receive weekly payments against her entitlement to (1) 60% of the gross fees charged to patients she obtained for the practice; (2) 40% of the gross

fees charged to patients Mascola obtained and upon whom Schreier performed dental services; and (3) 50% of the gross fees charged to patients using the "Nuva Fill Procedure". Accounting was to be quarterly. She further alleges that in February, 1979, the agreement was modified to require her to perform part-time dental services for a daily fee of $150 to be applied against the stated formula. The modified agreement survived only a few months, for in July, 1979 Schreier terminated her association with Mascola because of his alleged failure to make the required payments. The amount due on the first cause of action is alleged on information and belief to be $8,000. The second cause of action realleges the terms of the agreement as modified and avers that from the period September, 1976 to July, 1979, Mascola failed to properly account for sums due plaintiff and that she has no adequate remedy at law. The requested relief is a full, fair and accurate accounting of all gross fees "generated" by defendant. After joinder of issue, Schreier served a notice seeking, *inter alia,* discovery of certain financial records allegedly required to compute the sums due her. When Mascola stated that the requested materials were under the control of a professional bookkeeping agency located in Wisconsin, plaintiff moved for an order appointing a commission to conduct discovery of the records in that jurisdiction (see CPLR 3108, 3122). Mascola then cross-moved for a protective order, asserting, *inter alia,* that the sum of $8,000 demanded under the contract cause of action indicated that plaintiff had all the information necessary to determine her damages. Special Term granted the order for a commission and denied the protective order. When it interpreted the "material and necessary" standard of CPLR 3101 (subd [a]) in *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403), the Court of Appeals deflated any notion that the judicial approach to disclosure generally should be a cautious one, and required disclosure (p 406) "of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason". Notwithstanding the liberality of this formulation, judicial determinations in accounting actions continue to reflect a persistent reluctance to permit discovery of fiscal information until the plaintiff has established the right to an accounting by interlocutory judgment (see, e.g., *Krauss v Putterman,* 51 AD2d 551; *O'Neill v Giallombardo,* 49 AD2d 1002; *Alderman v Eagle,* 41 AD2d 641, *supra; Corwin v Kaufman,* 37 AD2d 838, *supra;* see, also, *Nomako v Ashton,* 20 AD2d 331), apparently for the reason that matters relating to the accounting itself — that is, damages — do not become relevant until the right to an accounting has been substantiated. A limited exception to the general rule permits examination of financial records relevant to establishing the plaintiff's right to an accounting as distinct from matters relevant to the accounting proceeding itself (see *Papazoglou v Papazoglou,* 69 AD2d 855; *Lo Verde v Interex Design & Equip. Corp.,* 54 AD2d 1090; *Alderman v Eagle, supra; Wishman v Genessee — Monroe Racing Assn.,* 43 AD2d 785; *Oboler v Beakatron Mfg. Corp.,* 17 AD2d 639). But if limitations on disclosure in accounting actions are apparent from the cases, the right to discover information pertaining to damages in a breach of contract action is equally manifest. In the current action, where the measure of contract damages can be ascertained only by reference to a formula under which the relevant data to be fitted into the several variables is within the control of the defendant, the right to discovery is obvious. Indeed, even under older and more restrictive case law, the plaintiff's right to disclosure under circumstances such as these was recognized (see, e.g., *Guinee v Murphy, Inc.,* 223 App Div 337; *Fey v Wisser,* 206 App Div 520; *Burns v Lipson,* 204 App Div 643; *Gemson v*

*Perreault,* 201 App Div 649; *Aprea v Cipolla,* 187 App Div 894; *Webb v Hedge Co.,* 133 App Div 420; *Thomas v Waite Co.,* 113 App Div 494), since such a plaintiff could not establish the damage elements of his action without recourse to the defendant's books. It is apparent, then, that in straightforward contract or accounting actions, the parameters of discovery have fairly clear definition. The rub in the instant matter, however, is that plaintiff, cognizant of the "unpredictability of litigation" (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3014:6, p 8), has seen fit to plead for both accounting and contractual relief[*] — a combination at least superficially inconsistent if not genuinely so. It is, of course, open to the plaintiff to allege any number of claims, regardless of their consistency (CPLR 3014). In the majority's view, the discovery permitted a plaintiff who asserts breach of contract and the right to an accounting in the same complaint is limited to that available under the more restrictive of the two claims. Underlying such reasoning seems to be a fear that a plaintiff whose only bona fide claim is for an accounting could circumvent the restrictions on discovery by adding a contract cause to the accounting claim and thus consign the traditional bifurcated accounting trial to the dustbin of legal history. But if such fears are warranted and the breach of contract claim merely is a subterfuge to obtain disclosure in an accounting action, the solution is not the constriction of discovery on the contract cause, but summary judgment disposing of the sham claim. The burden of showing the impropriety of demanded disclosure is upon the party asserting it (see *Koump v Smith,* 25 NY2d 287; *Barnes v State of New York,* 67 AD2d 1065; *Stengel v Long Is. Light. Co.,* 61 AD2d 838; *Weisgold v Kiamesha Concord,* 51 Misc 2d 456), and those who have legitimate reasons to join contract and accounting claims should not be deprived of their rights of discovery. Accordingly, I vote to affirm Special Term's order.

---

[*] The sufficiency of the complaint is not at issue on this appeal. I note, however, that a claim for an equitable accounting still requires an allegation of a fiduciary relationship or joint venture between the parties (see *Kaminsky v Kahn,* 20 NY2d 573; *Sugarman v Weisz,* 34 AD2d 763, affd 28 NY2d 786), although the absence of such a relationship may transform the claim to one for an accounting at law (see *Clark v Robinson,* 252 App Div 857; *Casey v Nye Odorless Incinerator Corp.,* 238 App Div 242; *Freeman v Miller,* 157 App Div 715) in which discovery of the defendant's books would be available (see *Levy v Baker,* 275 App Div 1016; *Lockwood v Bedell Co.,* 178 App Div 695; see, also, *Guinee v Murphy, Inc.,* 223 App Div 337; *Oppenheimer v Van Raalte,* 151 App Div 601).