■ A. COLISH, INC., et al., Appellants, v STEVEN J. ABRAMSON et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about December 14, 1988, which granted plaintiffs-appellants' motion for a protective order to the extent of limiting the disclosure of financial data to the years relevant to the lawsuit, but which denied that branch of appellants' motion seeking to vacate the interrogatories served by defendants-respondents, and which granted defendants-respondents' cross motion for a protective order with leave to appellants to renew their document request, unanimously modified, on the law, the facts and in the exercise of discretion, to grant respondents' cross motion only to the extent of striking the following items from appellants' notice to produce: that portion of item 15 which requests documents pertaining to services rendered on behalf of ADS Associates; and that portion of item 10 requesting documents filed with the IRS relating to respondent Steven J. Abramson's equipment lease with A. Colish, Inc.; and otherwise affirmed, without costs.

Plaintiffs-appellants have brought this action alleging breach of trust, fraud, appropriation of corporate opportunity, and other misconduct by their former president and chief executive officer, defendant-respondent Steven J. Abramson. Appellants allege that prior to his resignation on March 22, 1988, Abramson improperly used appellants' resources, confidential files, and credit to start up his own, competing businesses. It is further alleged that Abramson was aided by appellants' former attorneys, who drafted certain equipment

lease agreements from which Abramson derived benefits which were not disclosed to appellants.

Supreme Court, upon appellants' motion for a protective order, properly limited the disclosure of appellants' financial data to the years relevant to the lawsuit and excluded documents containing confidential information, trade secrets or customer lists. The court also granted respondents' cross motion for a protective order, with leave to renew, citing *Rios v Donovan* (21 AD2d 409 [1st Dept 1964]). However, review of appellants' notice to produce reveals that the documents requested are specifically identified and, with the exception of two items, are properly discoverable.

Although, as a general rule, a plaintiff must first establish a right to an accounting before discovery of financial data will be allowed *(Wolther v Samuel,* 110 AD2d 506, 507 [1st Dept 1985]), an exception to this rule permits "restricted" examination of documents relative to the issue of the plaintiff's right to an accounting, excluding those matters which relate " 'solely to the items of the account' " *(Alderman v Eagle,* 41 AD2d 641 [2d Dept 1973], quoting *Oboler v Beakatron Mfg. Corp.,* 17 AD2d 639 [2d Dept 1962]). Thus, appellants' demand for documents prior to March 22, 1988, the date when Abramson resigned as appellants' officer and director, is proper as these documents may be probative of whether Abramson abused his position of trust in establishing his own businesses. However, that part of item 15 requesting documents which relate to the services rendered by respondent law firm Schwartzman, Weinstock, Garelik & Mann, P. C., appellants' former attorneys, on behalf of ADS Associates, is improper. There are no allegations in the amended complaint pertaining to ADS Associates, which is not a party to this action. The request in item 10 for documents which Abramson filed with the Internal Revenue Service should also be stricken. The confidential nature of this material requires a strong showing that the information in the tax returns is unavailable from other sources *(Briton v Knott Hotels Corp.,* 111 AD2d 62 [1st Dept 1985]).

Appellants also contend that Supreme Court erred in permitting respondents to simultaneously use depositions and interrogatories. *(Curran v Upjohn Co.,* 122 AD2d 929 [2d Dept 1986].) The notice for oral examination of appellants' principal, Lewis Colish, and the interrogatories addressed to appellants both bear the same date. This court has reserved decision on whether the practice of noticing depositions simultaneously with service of interrogatories is "necessarily improper"

*(Comstock & Co. v City of New York,* 80 AD2d 805, 807 [1st Dept 1981]), although we have warned that "the noticing of an oral deposition prior to reviewing the answers interposed to the interrogatories and without a determination of the necessity for further disclosure, verges on an abuse of the judicial system" *(Barouh Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873, 874 [2d Dept 1980]). In this case, however, there was no such abuse. Appellants were served with respondents' interrogatories in early October, and on October 24, 1988 they were given an additional 10 days in which to respond. The deposition of Lewis Colish was scheduled for December 8, 1988, however, appellants maintain that there were outstanding discovery disputes which delayed their response to the interrogatories. Inasmuch as the overlapping of the scheduled oral deposition with the interrogatories came about as the result of contention between the parties, we do not think that Supreme Court abused its discretion in denying appellants' motion. We have considered the other issues raised in this appeal and find them to be without merit. Concur—Sullivan, J. P., Asch, Milonas, Rosenberger and Wallach, JJ.