RECTOR, CHURCHWARDENS AND VESTRYMEN OF THE CHURCH OF THE HOLY TRINITY, BROOKLYN, Respondent, v. ALEXANDER E. O. MUNSELL et al., Appellants.— In an action for an accounting, defendants appeal: (1) from an order of the Supreme Court, Kings County, entered February 17, 1960, denying the motion of defendants Alexander E. O. Munsell and Marion D. Munsell, to vacate plaintiff's notice to examine before trial the defendant Alexander E. O. Munsell; and (2) from an order of the same court, entered the same day, denying the motion of defendants Ramel and William Howard Melish to vacate plaintiff's notice to examine them before trial. Except for the individuals to be examined, both notices of examination are identical. They require the examinees to appear for examination "with respect to all the relevant and material allegations of fact put in issue by the pleadings in this action." The notices, as well as the orders, also require that upon such examination the examinees shall produce for use, pursuant to section 296 of the Civil Practice Act, all books, records and correspondence relating to nine specifically described items or subjects. The orders appealed from, in their decretal provisions, are identical. Defendants have treated the orders as though they had denied *in toto* the motions to vacate, and their appeals have been taken on that basis. The orders, however, do grant the motions to the extent of limiting the scope of the examinations to "*plaintiff's right to an accounting and not as to the items of the account*" (emphasis supplied). The orders thus follow the Special Term's opinion that the examination "can be had only as to the issue as to whether the plaintiff is entitled to an accounting and not to the items of the account." Orders modified: (a) by adding to item 2 a provision limiting the books and records to be produced and requiring their production only with respect to collections for and on behalf of the plaintiff church; and (b) by striking out item 9 requiring the production of "Any other" documents relative "to the foregoing examination". As so modified, the orders are affirmed, without costs. The examinations shall proceed on twenty days' notice or on any other date or dates mutually fixed by

the parties. Item 2 is limited as indicated because plaintiff is entitled to an accounting only of moneys collected for and on behalf of the church. Item 9 is stricken out because it is too broad and is, in effect, repetitive of all the other items which have been permitted to remain without change. In view of the specific provision in the orders limiting the examination to the right to an accounting and excluding the items of the account, it was proper to permit the examination to proceed as to all the relevant and material allegations of fact put in issue by the pleadings, without a specific enumeration of the matters on which the examinations are to be had (cf. *Milner* v. *Long Is. Daily Press*, 10 A D 2d 519 [2d Dept.]). The provision in the orders limiting the examinations is in accord with the established policy that in an action for an accounting, until the plaintiff has obtained an interlocutory judgment directing the defendant to account, plaintiff is not entitled to examine the defendant as to items essentially fiscal in nature; and that the examination must not be allowed to impinge upon the account itself (*Del Genovese* v. *Del Genovese*, 149 App. Div. 266, 269; *Gaetz* v. *Crawford*, 273 App. Div. 1011; *Wood* v. *Cross Props.*, 5 A D 2d 853; *Corin* v. *Heller*, 275 App. Div. 1062; *Hamilton* v. *Patrolmen's Benevolent Assn. of City of N. Y.*, 276 App. Div. 863; *Schimmel* v. *Messing*, 278 App. Div. 769). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.