do not understand that every such activity is immune from disciplinary action, we would find that the matter circulated here comes within the classification of criticism and opposition implicitly allowable for the preservation of the democracy of labor unions (*Madden* v. *Atkins*, 4 N Y 2d 283). Concur — Breitel, J. P., Rabin, McNally and Steuer, JJ.; Eager, J., concurs in result.

■ JOHN SINGLETON et al., Plaintiffs, v. NORISE BISHOP, Defendant and Third-Party Plaintiff-Respondent. 2ND AVE. MOTORS, Third-Party Defendant-Appellant; NEPTUNE AUTO BODY AND REPAIRS, Third-Party Defendant.— Order, entered on October 24, 1962, denying motion to dismiss the third-party complaint, unanimously reversed, on the law, with $20 costs and disbursements to the third-party defendant-appellant, and the motion granted. If the accident was caused by defective brake repair and the operator defendant had knowledge of the defect, he would be primarily (actively) negligent. (*Mills* v. *Gabriel*, 259 App. Div. 60, affd. 284 N. Y. 755.) If he had no such knowledge, he would not be negligent as to the plaintiff guest insofar as the brakes were concerned. (*Higgins* v. *Mason*, 255 N. Y. 104.) There is no indemnity agreement. The third-party complaint is insufficient since defendant is not entitled to indemnity on the basis of plaintiff's complaint against him. (*Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20, 29–30; *Berg* v. *Town of Huntington*, 7 N Y 2d 871.) Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.

■ DIANA SHEEAN, Respondent v. RUDOLPH ALLEN, Appellant.— Order, entered on September 18, 1962 and resettled interlocutory judgment entered December 20, 1962, unanimously modified, on the law, on the facts and in the exercise of discretion, by striking from the said judgment the last decretal paragraph and providing in lieu thereof for the appointment of a court-employed special referee to take and state the account, and, as so modified, affirmed, with $20 costs and disbursements to defendant-appellant. *Sua sponte*, we direct a joint accounting with *Sheean* v. *Allen* (19 A D 2d 595). There are no other issues of law or fact to be determined. It would appear that most of the items deal with ordinary living expenses and the account is not so long or detailed as to present difficulty in resolving it and consequently is not a long account within the purview of section 466 of the Civil Practice Act. (See *Brooklyn Public Lib.* v. *City of New York*, 240 N. Y. 465.) It is the general policy of the courts in this Department not to extend the scope or occasion of references in the absence of consent of the parties or of special circumstances meriting such action. No special circumstances appear here. (*Matter of Wilder* v. *Straus-Duparquet*, 5 A D 2d 1; *Wolfson* v. *McGraw & Co.*, 18 A D 2d 905.) In addition, both parties object to the private reference. Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.

■ VINCENT SHEEAN, Respondent, v. RUDOLPH ALLEN, Appellant.— Order entered October 30, 1962 and interlocutory judgment entered December 11, 1962, unanimously modified, on the law, on the facts and in the exercise of discretion, by striking from the said judgment the last decretal paragraph and providing in lieu thereof for the appointment of a court-employed special referee to take and state the account, and, as so modified, affirmed, with $20 costs and disbursements to defendant-appellant. *Sua sponte*, we direct a joint accounting with *Sheean* v. *Allen* (19 A D 2d 595). There are no other issues of law or fact to be determined. It would appear that most of the items deal with ordinary living expenses and the account is not so long or detailed as to present difficulty in resolving it and consequently is not a long account within the purview of section 466 of the Civil Practice Act. (See *Brooklyn Public Lib.* v. *City of New York*, 240 N. Y. 465.) It is the general policy of the courts in this Department not to extend the scope or occasion of references in the absence of consent of the parties or of special circumstances meriting such action. No special cir-