■    WILLIAM D. FUGAZY, Respondent, v. TIME, INC., et al., Appellants.— Order, entered April 29, 1965, in a libel action, granting plaintiff's motion

under CPLR 3122 to vacate items 2 and 4 of defendants' notice to produce pursuant to CPLR 3120, and denying defendants' cross motion pursuant to CPLR 3124 to compel disclosure under the notice to produce, unanimously modified on the law, on the facts, and in the exercise of discretion to compel disclosure of the material specified in items 1 and 3 of the notice to produce, without costs or disbursements on this appeal to any party. As to items 1 and 3, plaintiff makes no objection with respect to the relevancy or materiality of the materials sought. His sole objection, that plaintiff does not have the requested documents in his possession, is not supported by an affidavit of plaintiff himself or of any person having knowledge of where the documents are, or should be, located. Moreover, the claim that the documents are not in plaintiff's possession does not meet the test of CPLR 3120 allowing discovery and production of documents in the possession, custody or control of a party. The extensive records broadly demanded by item 2, relating to lawsuits brought against a corporation managed by plaintiff, are related only remotely, if at all, to the issue of the damage done to plaintiff's reputation by the alleged libel. In the absence of special circumstances not shown to exist in this case, the demand for plaintiff's Federal and New York State income tax returns for four years was properly denied (*Glenmark, Inc.* v. *Carity,* 22 A D 2d 680). Moreover, a statement of plaintiff's gross income, broken down by sources, has already been provided for three years and has been promised for a fourth. Concur — Botein, P. J., Breitel, Stevens, Eager and Staley, JJ.