John B. Tenney, J.
On January 29, 1968, the defendant served a notice on the plaintiff pursúant to CPLR 3120 for the production of the business records and the income tax returns of plaintiff along with other documents. Plaintiff did not produce the documents under a claim of privilege. Subsequently, it filed a note of issue for the October 19691 Term alleging that all necessary proceedings had been completed. Upon motion of the defendant, the action- was stricken from the calendar because the statement of readiness was not correct. Plaintiff now seeks a protective order under CPLR 3103 (subd. [a]) and also asks that the matter be restored to the trial calendar. Both motions are denied.
Plaintiff’s action arises out of the alleged negligence of the defendant in 1962. The defendant contracted with plaintiff to paint its store premises. While completing his contract, defendant allegedly splashed paint over numerous articles of clothing, causing damages in excess of $100,000.
The notice for discovery. also requested that the plaintiff furnish bills, vouchers and statements which would indicate the date of purchase and the purchase price of the clothing as well as the sales price and date of sale. The plaintiff contends that these items are not available since they have been destroyed pursuant to a policy of the corporation.
Defendant contends that if this is true, it is essential that he examine the tax returns, profit and loss statements and balance sheets of the plaintiff corporation. Defendant claims that if there was in fact an uninsured casualty loss as in this instance, it was a proper deduction on the tax return. He further contends that an alleged loss in excess of $100,000 would be reflected on the profit and loss statement and the balance sheet.
In the bill of ■ particulars, plaintiff contends that the bulk of the loss was a loss of profit. It concedes that all the goods were sold, but at a discount. As matters presently stand, the defendant cannot refute the claim of plaintiff.
*640 If the production of income tax returns, and in this case, corporate records, are material and necessary for the defense of the action, discovery and inspection is proper. (Yocum v. Gordon A. Davis, Inc., 10 A D 2d 597.) “A defendant in a negligence action has a right of discovery and inspection of plaintiff’s Federal income tax returns, where plaintiff has put in issue the matter of loss of earnings.” (Elmer v. Byrd, 32 Misc 2d 408, 409.) There is no reason why the same rule should not apply where the plaintiff is claiming loss of profits.
This should not open the door to a wholesale fishing expedition by the defendant. The facts of this case indicate that the tax returns and other corporate records should reflect a loss if suffered. Furthermore, defendant might be .able to reconstruct the statements and establish the true extent of the damages. There is no reasonable alternative left to him. He is entitled to an opportunity to establish his defense, especially since plaintiff has destroyed the documents which constituted the best evidence.