■ MIDLAND GLASS COMPANY, INC., Respondent, v. AMERICAN CAN COMPANY, Appellant.— Order of the Supreme Court, New York County, entered on June 16, 1971, unanimously modified on the facts and law and in the exercise of discretion, as herein provided, the interrogatories as modified are reinstated, and as so modified, the order is affirmed without costs and without disbursements. This is an action for damages arising out of defendant's alleged breach of a written agreement for the purchase of three glass-making facilities of the defendant. Plaintiff claims, upon ascertaining that defendant had dissipated many of the assets in its plants, it commenced this action on May 15, 1970. On July 28, 1970, defendant answered. The following day, July 29, 1970, plaintiff served a notice for the deposition of one of defendant's employees. Following the examination, it was stipulated between counsel to proceed by interrogatories. On February 12, 1971, plaintiff served its interrogatories. On March 9, 1971, the defendant served the interrogatories in question. Plaintiff moved for a protective order two days late. (CPLR 3133, subd. [a].) The interrogatories cover approximately 21 pages of the printed record. The motion to vacate was not served until April 14, 1971, two days after the expiration of the stipulated time to do so. This two-day delay did not result in any prejudice. If respondent's motion papers had been mailed on April 12, 1971, the last day of the stipulated time, the stipulation would have been complied with even though the appellant would not in all probability have received the papers until April 14, 1971, the day they were delivered by messenger. No specific interrogatory is objected to by the respondent. The interrogatories in the main relate to matters material and producible under article 31 of the CPLR. We do not find it necessary to prune the interrogatories in view of the absence of specific objection. The phrase "any and all documents of any kind" wherever it occurs is stricken. CPLR 3131 provides that copies of documents relevant to the answers required may be requested. It does not authorize an all-inclusive demand for the production

of documents of any kind. In effect, the instant interrogatories call for a general discovery of the reports which is improper. (*Federal Pacific Elec. Co. v. Fischbach & Moore,* 25 A D 2d 828.) The provision for the production of income tax records is stricken. (*Fugazy v. Time, Inc.,* 24 A D 2d 443.) The provision in the interrogatories for supplemental interrogatories is stricken. Appellant need only be assured that no change affecting the answers has occurred prior to the trial. Toward that end, the appellant may inquire before trial by interrogatories regarding the accuracy of the answers to the interrogatories here involved. Appellant shall proceed with the interrogatories upon the completion of plaintiff's pretrial discovery proceedings, it appearing that plaintiff has priority in respect thereto in this case by reason of prior service of notice of deposition. Concur — Stevens, P. J., Nunez, Kupferman, McNally and Capozzoli, JJ.