■ JESSE I. KRAUSS et al., Appellants, v ISAAC PUTTERMAN et al., Respondents.—In an action, *inter alia,* for an accounting, plaintiffs appeal from so much of an order of the Supreme Court, Kings County, dated July 16, 1975, as denied the branch of their cross motion which sought a protective order striking from defendants' notice to take the deposition of plaintiff Jesse Krauss a demand that the said plaintiff produce his Federal, State and city income tax returns for the years 1969 through 1974. Order modified by deleting the first decretal paragraph thereof and substituting therefor a provision that plaintiffs' cross motion for a protective order is granted to the extent that the production of income tax returns shall be supervised either by a Justice of the Supreme Court, or by a referee whose expenses shall be borne equally by the parties, and that plaintiffs may block out all items contained in said income tax returns which are unrelated to income from Rockville Nursing Center, Inc., and that the motion is otherwise denied. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to appellants, and action remanded to Special Term for the designation of a Justice of the Supreme Court or the appointment of a Referee to supervise the said disclosure. Absent unusual circumstances, income tax records are not subject to discovery *(Fugazy v Time, Inc.,* 24 AD2d 443; *Midland Glass Co. v American Can Co.,* 38 AD2d 820). Here, in an action for an accounting arising out of a nursing home venture, defendants assert as an affirmative defense that plaintiff Jesse Krauss surreptitiously transferred shares in the nursing home. Disclosure of declared income from the nursing home in said plaintiff's tax returns may be the only means by which the alleged unlawful transfer can be established. Under these unique facts, leave to inspect the income tax returns was properly granted (cf. *Gilligan v Lepone,* 31 AD2d 630; *Kleinert Rubber Co. v Arcola Fabrics Corp.,* 20 AD2d 630; *Miller Co. v Drew,* 61 Misc 2d 638). However, in our opinion, defendants should not be permitted to inspect the returns without supervision. Defendants assert that they are interested in the tax returns only insofar as they reflect income from the nursing home venture and agree that all unrelated items may be blocked out. Under the circumstances, Special Term should have directed supervision of the disclosure of the tax returns by a Justice of the Supreme Court or a referee, pursuant to CPLR 3104, and, subject to such supervision, should have permitted plaintiffs to block out unrelated items in the tax returns. Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.