■ JESSE I. KRAUSS et al., Respondents-Appellants, v ISAAC PUTTERMAN

et al., Appellants-Respondents.—In an action *inter alia* for an accounting, defendants appeal from (1) so much of an order of the Supreme Court, Kings County, dated July 16, 1975, as failed to grant all of the relief sought in their motion to vacate a notice of an examination before trial and a demand for the production of documents and (2) an order of the same court, dated June 10, 1975, which denied their motion for a change of venue. Plaintiffs cross-appeal from so much of the order dated July 16, 1975 as granted defendants' motion for a protective order for the year 1974 with respect to the documents demanded pursuant to Items Nos. 4, 5, 7 and 8 of plaintiffs' notice to produce documents. Cross appeal dismissed, without costs. The cross appeal was not perfected in accordance with the rules of this court. Moreover, plaintiffs, by separate notice of appeal, appealed from portions of the July 16 order. That appeal has resulted in a determination by this court *(Krauss v Putterman,* 50 AD2d 599). Order dated July 16, 1975 modified by (1) inserting in the third decretal paragraph thereof, after the words "in all respects", the following: "the demand for Items Nos. 8 and 14 through 18 is likewise denied", (2) deleting the fourth decretal paragraph thereof and substituting therefor provisions denying examination and inspection of Items Nos. 4, 5 and 7 contained in the plaintiffs' notice to produce documents and limiting such examination and inspection solely to the year 1974 with respect to Item No. 6 thereof and (3) directing that the examination before trial be conducted before a Justice of the Supreme Court or before a referee appointed by Special Term, the costs of such reference to be borne equally by the parties. As so modified, order affirmed insofar as appealed from, without costs. Order dated June 10, 1975, affirmed, without costs. In an action for an accounting, no discovery of documents which are essentially fiscal in nature may be had until an interlocutory order is made directing an accounting. Defendants therefore need not comply with Items Nos. 8 and 14 through 18 contained in the plaintiffs' demand for the production of documents (see *Alderman v Eagle,* 41 AD2d 641). Inspection of the documents demanded by item 6 of plaintiffs' notice must be limited to the year 1974; that year alone is germane to the inquiry. Further, Special Term's refusal to grant a protective order as to the documents demanded in Items Nos. 4, 5 and 7 as to the years 1970-1973 was an abuse of discretion; the pleadings do not draw transactions during those particular years into issue. Supervision of the examination before trial by a referee or a Justice of the Supreme Court, in the discretion of Special Term, has been directed in accordance with our determination on the prior appeal (see *Krauss v Putterman, supra).* Defendants' motion for a change of venue was properly denied. Rabin, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.