■ 9 H REALTY CORP., Appellant, v ZURICH INSURANCE COMPANY et al., Respondents, et al., Defendant.—In a breach of contract action involving policies of insurance, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated January 2, 1979, as denied the branches of the plaintiff's cross motion which were for a protective order vacating the respondents' notice for discovery and inspection of certain Federal tax returns, and striking the respondents' notice to take the deposition of an accounting firm with relation to said returns. Order modified by adding thereto, after the provision denying "In all other respects" the plaintiff's cross motion, the following: "except that plaintiff's cross motion is granted to the extent that the production of the Federal tax returns of the plaintiff, Abraham Rodolitz, Gary Rodolitz, Gerald Rodolitz, and the Tal-Spons Corporation for the years 1974 through 1977, and the deposition of the firm of Steinfeld and Futterman shall be supervised either by a Justice of the Supreme Court, or by a referee whose expenses shall be borne equally by the parties to this appeal, and that plaintiff may block out all items contained in said tax returns which are unrelated to the machinery for which the insurance claim is made". As so modified, order affirmed

insofar as appealed from, with $50 costs and disbursements to the respondents and the action is remanded to Trial Term for the designation of a Justice of the Supreme Court or the appointment of a Referee to supervise the said disclosure and deposition. Under the facts of this case, the respondents; affirmative defenses of material misrepresentation and lack of insurable interest have demonstrated special circumstances sufficient to warrant disclosure of the Federal tax returns in question and the deposition of the accounting firm that prepared them (see *Jensen v Boston Ins. Co.,* 20 FRD 619; cf. *Ortiz v Mary Immaculate Hosp.,* 48 AD2d 704; *Gilligan v Lepone,* 31 AD2d 630; *Miller Co. v Drew,* 61 Misc 2d 638). Nevertheless, we are of the view that the respondents should not be permitted to inspect the tax returns or depose the accounting firm without supervision. The only items of relevance on the returns are those concerning the machinery which is the subject of plaintiff's insurance claim. No reason has been shown to allow inspection of any other portion of the returns or to permit inquiry with respect thereto. Under these circumstances, Trial Term should have directed that the disclosure of the tax returns and the deposition of the accounting firm be conducted under the supervision of a Supreme Court Justice or a Referee pursuant to CPLR 3104, and, subject to such supervision, should have permitted plaintiff to block out unrelated items in the tax returns (see *Krauss v Putterman,* 50 AD2d 599). Hopkins, J. P., Damiani, Cohalan and Gibbons, JJ., concur.