■ HERMAN A. KAMP, Doing Business as KAMP FABRICS, Appellant-Respondent, v DHJ INDUSTRIES, INC., Respondent-Appellant.—In an action, *inter alia,* to recover damages for breach of contract, plaintiff appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated March 21, 1978, as granted defendant's motion for a protective order to the extent of directing that an adjourned examination before trial recommence on April 24, 1978 and continue from day to day until completed, but in no event more than 30 days after the date of entry of said

order, (2) from an order of the same court, dated March 27, 1978, which directed that the examination before trial recommence on April 14, 1978 rather than April 24, 1978, (3) from an order of the same court, dated February 26, 1979, which granted defendant's motion to compel plaintiff to answer certain questions propounded at an examination before trial, (4) from so much of an order of the same court, dated May 9, 1979, as upon reargument of the order dated February 26, 1979 adhered to its original determination and (5) from an order of the same court, dated October 18, 1979, which, *inter alia,* granted defendant's motion to dismiss plaintiff's complaint and reply to its counterclaim for plaintiff's willful refusal to answer questions propounded at an examination before trial. Defendant (1) cross-appeals from so much of the order dated March 21, 1978 as denied its application pursuant to CPLR 3104 (subd [a]), for the appointment of a Referee to supervise disclosure and (2) appeals, as limited by its brief, from so much of an order of the same court, dated April 28, 1978, as upon reargument of the order dated March 21, 1978, adhered to its original determination denying the appointment of a Referee. Plaintiff's appeal from the order dated February 26, 1979 and defendant's cross appeal from so much of the order dated March 21, 1978 as denied appointment of a Referee, dismissed. Said orders were superseded in part by the orders dated May 9, 1979 and April 28, 1978 respectively, which granted reargument. Order dated October 18, 1979 affirmed. Plaintiff's appeals from the orders dated March 21, 1978, March 27, 1978, and May 9, 1979 and defendant's appeal from the order dated April 28, 1978 dismissed as moot in view of the determination made upon the appeal from the order dated October 18, 1979. Defendant is awarded one bill of costs. Plaintiff, a nonlawyer, appears *pro se.* The instant appeals all concern discovery proceedings in this case. The record clearly establishes that during plaintiff's examination before trial of defendant, his conduct toward defendant's witness and counsel was abusive and insulting. He read pleadings and documents into the record. He constantly repeated questions which had already been answered by the witness. He made speeches and frequently interrupted the orderly progress of the deposition by demanding that everyone appear before the Justice at Special Term for numerous rulings. He demanded that all participants shout so that their voices could be heard by his tape recorder (cf. *Kamp v Schier,* 75 AD2d 638). Finally, he knocked the eyeglasses from the face of the defendant's witness while waving his hand in what the witness described as "emotional pyrotechnics." During the course of plaintiff's examination of defendant, the latter twice moved pursuant to CPLR 3104 (subd [a]) for the appointment of a Referee to supervise disclosure. On each occasion the motion was denied. Eventually, defendant was granted a protective order limiting plaintiff's examination of it to 10 full days. After the plaintiff's examination before trial of defendant was halted by the expiration of that time period, defendant attempted to depose plaintiff. During this examination plaintiff engaged in an obstinate, calculated and contemptuous refusal to answer proper questions propounded by defendant's counsel despite repeated explanations and instructions to do so by numerous Justices of the Supreme Court. We are in full accord with the sentiments expressed in the opinion of Mr. Justice Lonschein granting defendant's motion to strike plaintiff's pleadings for willful failure to disclose and accordingly the order entered thereon must be affirmed. Were we not affirming the order dismissing plaintiff's complaint and reply to defendant's counterclaim, we would have affirmed the other orders insofar as appealed from by plaintiff and reversed the order of April 28, 1978 upon defendant's appeal. Although the appoint-

ment of a Referee was amply warranted here (see *Kamp v Schier, supra*) no useful purpose would now be served by vacating the dismissal of plaintiff's pleadings and allowing disclosure to continue under such supervision. The object of the appointment of a Referee at the time such appointment was originally requested by defendant was to prevent continued abuse of the disclosure process, the harassment of defendant's counsel and witness and the constant interruption of the deposition and concomitant drain upon the time of the Justices at Special Term by numerous requests for rulings. The adverse consequences attendant upon the failure to appoint a Referee were visited upon the court and defendant, not upon plaintiff, who opposed appointment of a Referee. After its motions in this regard were denied, defendant endured plaintiff's misconduct only to have disclosure frustrated by his refusal to answer proper questions. The innocent defendant would be punished and the plaintiff rewarded if we were now to reinstate his pleadings and order resumption of disclosure under supervision of a Referee. This is especially so since plaintiff is unrepentant and has not offered to make full disclosure. This case is thus distinguishable from *Kamp v Schier* (75 AD2d 638, *supra*), where plaintiff's conduct has not as yet risen to the level of willful and continued refusal to disclose which requires the dismissal of his complaint. It is hoped that plaintiff will take careful note of the lesson to be learned from the result in this action and will be more forthright and cooperative in future disclosure proceedings in the companion case. This he must do if he wishes to avoid the same result. Damiani, J. P., Mangano, O'Connor and Weinstein, JJ., concur.