■    HERMAN A. KAMP, Doing Business as KAMP FABRICS, Appellant, v RALPH SCHIER, Respondent.—Appeal by plaintiff from so much of an order of the Supreme Court, Queens County, dated July 23, 1979 as (1) denied his cross motion to strike the answer and counterclaim of defendant for failure to appear for an examination before trial, (2) directed that no tape recorder be allowed in the examining room and (3) set a new date for the examination. Order modified by adding thereto a provision that upon the court's own motion, pursuant to CPLR 3104 (subds [a], [e]), the examination before trial in this case shall be supervised by a Referee, the expenses of whom shall be borne equally by the parties. As so modified order affirmed insofar as appealed from, with $50 costs and disbursements to defendant and the matter is remitted to Special Term for the appointment of a Referee and the selection of a new date upon which the examinations shall resume. The plaintiff is a veteran *pro se* litigator. He is not a lawyer. In this and another case he has shown himself to be an intractable opponent who has stubbornly refused to answer properly worded questions, has engaged in disruptive conduct, has insisted upon making speeches and reading documents into the record which could have been incorporated by reference and has constantly interrupted depositions by demanding rulings at every turn, thus occupying the attention of numerous Justices of the Supreme Court in Queens County (see *Kamp v DHJ Inds.,* 75 AD2d 636). The eye of the storm which surrounds discovery involving this plaintiff seems to be the tape recorder which he uses to make a record of the proceedings (see *Kamp v Tiffany Knits,* 79 Misc 2d 239). Plaintiff demands that all participants speak at top volume so that their voices can be recorded on what one opposing attorney described as "plaintiff's apparently deaf tape recorder." Plaintiff frequently interrupts the proceedings to change tapes and to repeat questions and testimony which were missed by his machine. It was therefore entirely proper for Special Term to issue a protective order prohibiting plaintiff's use of the tape recorder (CPLR 3103, subd [a]). Finally, it is our

view that under the exceptional circumstances present here, the appointment of a Referee is required to directly supervise disclosure (CPLR 3104, subd [a]). We note that in his brief on this appeal, defendant consents to bearing half the expense of the Referee if one is appointed and, in addition, consents to allowing plaintiff to use his tape recorder in disclosure proceedings before the Referee. Any such consent concerning the tape recorder should be made before the Referee at which time appropriate provisions can be made for its use so as to prevent a repetition of past abuses. Damiani, J. P., Mangano, O'Connor and Weinstein, JJ., concur.