■ Frances Morone, Also Known as Frances Cross, Respondent, v Frank Morone, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered November 14, 1980 in Albany County, which modified a notice to take deposition upon oral examination of defendant. In this action arising out of the parties' relationship which began in 1952, plaintiff asserts two causes of action. The first alleges an implied contract based upon allegations that plaintiff and defendant lived together and held themselves out to the community as husband and wife, with plaintiff performing domestic and business services for defendant, expecting compensation for those services. The second cause of action alleges the existence of an oral partnership agreement. The Court of Appeals has held that while the first cause of action, based upon implied contract, was properly dismissed, the second cause of action was viable (*Morone v Morone,* 50 NY2d 481). The crucial paragraph of the second cause of action, found by the court to allege sufficiently the existence of a partnership agreement, states, "[t]hat during the year 1952, plaintiff and defendant entered into a partnership agreement whereby it was orally agreed and understood by and between the parties hereto that plaintiff would perform the work, services and labor of a domestic nature on her part as requested by the defendant, and that the defendant would support, maintain and provide for plaintiff in accordance with his earning capacity and that defendant further agreed on his part to take care of the plaintiff and do right by her." This appeal arises out of plaintiff's notice to take deposition upon oral examination which directed defendant to produce, *inter alia,* all books and records relating to defendant's income, wages, assets and employment since 1952, copies of defendant's income tax returns and worksheets since 1952, all contracts for the rental of safe-deposit boxes since 1952, all of defendant's life insurance policies and all books and records of defendant's savings and checking accounts, credit unions, trust funds and investments. Defendant moved to vacate the notice and Special Term granted the motion in part by deleting all material except books and records relating to defendant's income, wages, assets and employment since 1952 and copies of defendants' income tax returns and worksheets since 1952. Defendant appeals.

Special Term properly concluded that in this action for an accounting, plaintiff is not entitled to examine defendant with regard to items which are essentially fiscal in nature until, by interlocutory judgment, plaintiff has established her right to an accounting (see, e.g., *Krauss v Putterman*, 51 AD2d 551, 552). Of course, this rule cannot be used to deprive plaintiff of her right to disclosure of matters material and necessary to establish her right to an accounting (see *Rector, Churchwardens & Vestrymen of Church of Holy Trinity, Brooklyn v Munsell*, 11 AD2d 698). Here, plaintiff must establish the existence of the alleged oral partnership agreement in order to be entitled to the accounting. As set forth above, plaintiff alleges that under the partnership agreement defendant assumed the obligation of supporting, maintaining and providing for plaintiff. Accordingly, plaintiff is entitled to disclosure of the requested records to the extent that they are relevant to the question of whether defendant assumed that obligation. In our view, plaintiff's broad request for all books and records relating to defendant's income, wages, assets and employment since 1952 seeks essentially fiscal matters rather than material relevant to establishing the existence of the alleged partnership. With respect to the income tax returns, however, we reach a contrary result, since the exemptions and deductions claimed by defendant during the period of the alleged existence of the partnership are relevant to the question of whether he assumed the obligation of supporting, maintaining and providing for plaintiff. Order modified, on the law and the facts, by granting defendant's motion to vacate the notice except to the extent that the notice directs defendant to produce his Federal, State and city income tax returns for the period 1952 to the date of the alleged breach of the alleged partnership agreement, and, as so modified, affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.