OPINION OF THE COURT
C. Raymond Radigan, J.
This is a motion by Richard Hill Savings Bank to vacate *969 and set aside a subpoena duces tecum served upon it by the attorneys for the petitioner, Grace V. Doveala. The petitioner, a beneficiary under the will of her father, William A. Sandin, has instituted this proceeding against the executrix to supply information under SCPA 2102 (1). The purpose of the petitioner’s application is to trace certain bank accounts which were in the name of the decedent either individually or jointly with another, which may have been transferred to the executrix’ personal account. The subpoena calls for the production of the following documents:
"1. All past and present signature cards, ledger cards and account cards with respect to active or closed accounts of any type bearing the name(s) June A. Houck, William A. Sandin and/or Agnes Sandin, either individually, jointly, in trust or otherwise.
"2. All past and present records of, and/or pertaining to, any savings accounts, checking accounts, money market accounts, investment accounts or any other type of account, active or closed, bearing the name(s) of June A. Houck, William A. Sandin and/or Agnes Sandin, either individually, jointly, in trust or otherwise.”
June A. Houck is the executrix and one of the decedent’s daughters, and Agnes Sandin is the decedent’s predeceased wife. On June 18, 1986, at an examination of the executrix, information was disclosed regarding the bank accounts located in Richmond Hill Savings Bank. The attorney for the bank argues that the documents demanded in the subpoena are privileged and confidential material and that there is an implied contract between a bank and its customer that the bank will not divulge to a third person information concerning the customer’s account without the consent of said customer. The bank’s motion to quash the subpoena further alleges that the scope of the subpoena is vague and overbroad, constituting a "fishing expedition”.
A subpoena duces tecum may be permitted where the books, papers and other things to be produced are relevant and material to the issue and where they have been described with reasonable precision (Matter of Sun-Ray Cloak Co., 256 App Div 620). "Subpoenas may be issued without a court order by the clerk of the court, a judge where there is no clerk, the attorney general, an attorney of record for a party to an action” (CPLR 2302 [a]).
Absent unusual circumstances, income tax records are not *970 subject to discovery (Fugazy v Time, Inc., 24 AD2d 443; Glenmark, Inc. v Carity, 22 AD2d 680). However, in the case of bank records, "[pjrior to the adoption of the Bank Secrecy Act of 1970, which required banks to compile files on customer accounts, the courts uniformly held that bank records were subject to production in response to valid legal process” (Matter of Shapiro v Chase Manhattan Bank, 84 Misc 2d 938, 940). Matter of Shapiro v Chase Manhattan Bank (supra) was a case involving an investigation into the nursing home industry. The special prosecutor sought the bank records of the defendant and the Supreme Court, Trial Term, New York County, determined that a depositor has only a limited expectation of privacy in the information he discloses to his bank as a result of transacting business in his account. "Judicial scrutiny to determine the traditional requirements for valid legal process is necessary (United States v Miller, 500 F2d 751, supra; Burrows v Superior Ct. of San Bernadino County, 13 Cal 3d 238, supra). New York provides adequate procedures to contest the validity, relevancy and reasonableness of subpoenas in the provisions of CPLR 2304.” (Matter of Shapiro v Chase Manhattan Bank, supra, at 943.)
As far as the subpoena being onerous and an attempt to conduct a "fishing expedition”, the bank’s attorney in his affirmation admits that the bank has already assembled the documents subject to the court’s decision: "[TJhe records of Richmond Hill Savings Bank are ready and awaiting the court’s order as to whether or not Richmond Hill Savings Bank must produce these documents”. Further on, in the affirmation, he sets forth the cost of reproducing such documents as being $860 and requests that the bank be reimbursed in the event the court rules such documents must be provided.
After reviewing the subpoena and the allegations raised in the discovery proceedings (SCPA 2102), the court finds that the bank records which relate to those accounts on which the decedent’s name appears either alone or with another, or that of his predeceased wife, are relevant and material to identifying possible estate assets. The signature cards and the other documents held by the bank will be helpful in identifying who opened and closed the particular accounts and the circumstances involving the account while it was in the decedent’s name. On the other hand, the circumstances do not at this time justify an order directing the bank to produce the executrix’ own personal accounts, some of which may have nothing *971 to do with the decedent’s estate. As far as the respondent’s request for reimbursement for producing the documents sought, the petitioner is required to pay the necessary fee and disbursements for the photostats at the statutory rate of 10 cents per folio (CPLR 8001 [c]; Korzeniewski v Greenpoint Hosp., 234 NYS2d 739). The bank shall comply with the subpoena served on it to the extent outlined in this decision.