■ JUDITH KING, Respondent, v GREGORY OLSEN et al., Appellants.—In an action, *inter alia,* for an accounting based on breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated April 18, 1990, which granted the plaintiff's motion to compel the defendants to furnish certain documents to him, and to compel the defendant Gregory Olsen to appear for a further examination before trial to answer certain questions which he refused to answer at his first examination before trial.

Ordered that on the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal from so much of the order as directs the defendant Gregory Olsen to appear at a further examination before trial, that application is referred to Justice Thompson, and leave to appeal is granted by Justice Thompson *(see, Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500); and it is further,

Ordered that the order is modified, by adding to the first decretal paragraph thereof, after the words "and in the Notice to Produce dated June 16, 1988", the words "except for the documents requested in paragraphs 2 and 6 pertaining to the defendant, Gregory Olsen, and as to those documents, the plaintiff's motion is denied"; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the defendants' time to produce the documents in question is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the defendant Gregory Olsen shall appear at a further examination before trial at a time and place to be designated in a written notice of at least 10 days or at such time and place as the parties may agree.

The plaintiff moved to compel the defendants to produce documents requested at an examination before trial of the defendant Gregory Olsen, in a preliminary conference order dated September 5, 1989, and in a notice to produce dated June 16, 1988, and to compel Olsen to appear at a further examination before trial to answer questions which he refused to answer at his first examination before trial. The Supreme Court, Suffolk County, granted the plaintiff's motion in its

entirety. The defendants contend that the court improperly granted the plaintiff unresticted discovery of the defendants' financial, tax, and confidential business records, and that the order should, therefore, be reversed in its entirety.

"[T]he failure of a party to challenge the propriety of a notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought, except as to material which is privileged under CPLR 3101 or as to requests which are palpably improper" *(Muller v Sorensen,* 138 AD2d 683, 684). Here, the defendants' claim of privilege for confidential records of transactions by the defendants' clients in the commodity markets has merit, and thus the order appealed from is modified to the extent noted.

With respect to the plaintiff's second and third causes of action for an accounting against both defendants, the defendants are correct that generally, extensive discovery should not be granted for a cause of action for an accounting unless the right to an accounting is first established *(see, Krauss v Putterman,* 51 AD2d 551; *Handler v Heimowitz,* 47 AD2d 836). However, this rule cannot be used to deprive the plaintiff of her right to disclosure of matters material and necessary to establish her right to an accounting *(see, Morone v Morone,* 85 AD2d 768, 769; *Rector, Churchwardens & Vestrymen of Church of Holy Trinity v Munsell,* 11 AD2d 698). Here, the plaintiff must establish the existence of an alleged partnership agreement in order to be entitled to an accounting. Accordingly, she is entitled to disclosure of the requested records which are relevant to the question of whether Olsen assumed the obligations of a partner *(see, Morone v Morone, supra,* at 769). Thompson, J. P., Sullivan, Harwood, Miller and O'Brien, JJ., concur.