■ ALEXANDER TSIGUTKIN, Respondent, v BRIAN SCANLAN et al., Appellants. [599 NYS2d 262] —Order, Supreme Court, New York County (Carol E. Huff, J.), entered March 6, 1992, which, *inter alia,* denied the defendants' motion for a protective order with respect to Item 18 of the plaintiff's Notice to Produce, unanimously reversed, insofar as appealed, on the law, and the motion for a protective order with respect to Item 18 is granted, with costs.

In each of the causes of action asserted by the plaintiff, he demanded, *inter alia,* an accounting of all monies earned by the corporate defendant since his association with the corporation was terminated, and of all profits derived from the computer program in which he maintained he was entitled to share in the profits. In Item 18 of his Notice to Produce (Discovery and Inspection), the plaintiff sought to have the defendants produce for his inspection copies of all executed contracts with the corporate defendant's customers, including maintenance contracts. The Supreme Court denied the defendants' motion for a protective order striking, *inter alia,* Item 18 of the plaintiff's Notice to Produce.

We reverse. Discovery of fiscal matters may not be obtained for causes of action seeking an accounting until the right to an accounting is established *(see, LSY Intl. v Kerzner,* 140 AD2d 256; *Kahn v Rodman,* 91 AD2d 910; *Wolther v Samuel,* 110 AD2d 506). Receipt of the contracts in question would permit the plaintiff to calculate the corporate defendant's gross profits on each computer program sold. They therefore constituted fiscal matters to which the plaintiff was not entitled prior to establishing his right to an accounting *(see, LSY Intl. v Kerzner, supra; Morone v Morone,* 85 AD2d 768). Accordingly, it was error to deny the defendants' motion for a protective order. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.