[688 NYS2d 627]

ANDREW R. PLOSKI, Appellant, v RIVERWOOD OWNERS CORPORATION et al., Respondents.

Second Department, April 19, 1999

### APPEARANCES OF COUNSEL

*William Ploski,* Bronxville, for appellant.

*Wilson, Bave, Conboy, Cozza & Couzens, P. C.,* White Plains (*Alexandra C. Karamitsos* of counsel), for respondents.

### OPINION OF THE COURT

SANTUCCI, J.

The main issue to be determined on these appeals is whether the Supreme Court can appoint a private attorney to act as a discovery Referee pursuant to CPLR 3104 (a), and impose the costs of such reference on one or more of the parties without their approval. Based upon an analysis of the legislative history of the statute, we conclude that the court's power to appoint a private attorney as a Referee is limited by CPLR 3104 (b), and thus can be accomplished only when the parties so stipulate. Accordingly, to the extent that our previous ruling in the case of *Matter of Sommer* (177 AD2d 489) holds otherwise, it is overruled.

We note that the order entered September 23, 1997, in which the court, *sua sponte,* appointed a private attorney as a Referee to supervise disclosure, is not appealable as of right, as it does not decide a motion made on notice (*see,* CPLR 5701 [a] [2]). However, in view of the important issue involved here, we treat the notice of appeal from that order as an application for leave to appeal and grant leave (*see,* CPLR 5701 [c]).

As originally adopted in 1962, subdivisions (a) and (b) of CPLR 3104 provided (L 1962, ch 308):

"**Supervision of disclosure**

"**(a) Motion for, and extent of, supervision of disclosure.** Upon the motion of any party or witness on notice to all parties or on its own initiative without notice, the court in which an action is pending may by one of its judges or a referee supervise all or part of any disclosure procedure.

"**(b) Referee selected by stipulation.** All of the parties in an action may stipulate that a named attorney may act as a referee under this section. The stipulation shall provide for payment of his fees which shall, unless otherwise agreed, be taxed as disbursements".

Subdivision (a) governed the appointment of a Referee by the court upon motion or *sua sponte*, and subdivision (b) permitted all of the parties to agree to the appointment of a Referee, without the necessity of court involvement, by stipulation (*see,* Advisory Comm Notes, reprinted following CPLR 3104, NY Cons Law Serv, Book 4G, at 644).

Pursuant to this original version of the statute, the Appellate Division, First Department, held that although the appointment of a private Referee to supervise disclosure was permitted (provided that the parties stipulated to such an appointment and agreed to pay the Referee's expenses), in the absence of special circumstances disclosure should be supervised by a court-employed Special Referee (*see, Brooks, Hampton, Levy & Walker v Balaban,* 22 AD2d 679; *Sheean v Allen,* 19 AD2d 595). In contrast, this Court interpreted the original version as permitting disclosure to be supervised, either by a private Referee or by a court-employed Special Referee, only where there was a showing of special circumstances which would warrant such supervision (*see, Lee v Lee,* 93 AD2d 221; *Matter of Gwydir* [Biamonte], 91 AD2d 995; *Kamp v Schier,* 75 AD2d 638; 9 *H Realty Corp. v Zurich Ins. Co.,* 72 AD2d 597; *Krauss v Putterman,* 50 AD2d 599).

In February 1982, Chief Judge Cooke appointed a committee to study ways to utilize the services of retired Judges to reduce court backlog. The committee, chaired by former New York City Mayor John .V. Lindsay (hereinafter the Lindsay Committee), issued its report in October 1982. That report strongly criticized what the committee called a "pay-as-you-go process" in using Referees in civil cases (Report of Comm to Utilize Services of Retired Judges, at 7) and recommended using retired Judges in their place at public expense.

■ By chapter 840 of the Laws of 1983, the Legislature enacted a proposal of the Office of Court Administration (hereinafter the OCA) designed to carry out the recommendations of the Lindsay Committee. Section 3 of chapter 840 amended, *inter alia,* CPLR 3104 (b). Although the OCA memorandum in support stated that sections 2 through 10 of the bill merely made "technical amendments to provisions of the CPLR relating to the selection and use of references in civil

proceedings" (Letter from Paul A. Feigenbaum dated July 8, 1983, Bill Jacket, L 1983, ch 840, at 24), the changes to CPLR 3104 (b) were substantial. As indicated above, prior to the enactment of chapter 840 of the Laws of 1983, that subdivision read: "**(b) Referee selected by stipulation.** All of the parties in an action may stipulate that a named attorney may act as a referee under this section. The stipulation shall provide for payment of his fees which shall, unless otherwise agreed, be taxed as disbursements". After the enactment, the subdivison was changed to read: "**(b) Selection of referee.** A judicial hearing officer may be designated as a referee under this section, or the court may permit all of the parties in an action to stipulate that a named attorney may act as referee. In such latter event, the stipulation shall provide for payment of his fees which shall, unless otherwise agreed, be taxed as disbursements".

In its first incarnation, CPLR 3104 (a) provided that the court could appoint a Referee on its own motion or on the motion of a party or witness while CPLR 3104 (b) stated that a Referee could be selected by stipulation of the parties. The amended version changed this design by rewording the caption of subdivision (b) from "Referee selected by stipulation" to "Selection of referee", indicating a change from a subdivision dealing with only one method of selecting a Referee to one dealing with all methods of selection. That such a change may have been intended is underscored by the rewording of the text of subdivision (b) which was amended to provide that a Judicial Hearing Officer could be "designated" as a Referee or the court might permit all parties to stipulate that a named attorney act as a Referee. Thus, the amended version requires court action either for designation of a Referee by the court or for approval of a stipulation by the parties. The plain wording of the amended subdivision (b), which restricts the use of named attorneys as Referees only to situations in which the parties stipulate, is consistent with the report of the Lindsay Committee, which disapproved of the use of privately compensated Referees in favor of State-compensated Judicial Hearing Officers.

In *Matter of Sommer* (177 AD2d 489, 490, *supra*), this Court held that "[t]he provision for designation of a Judicial Hearing Officer as a Referee in CPLR 3104 (b) does not limit the court's general power to name a Referee granted in CPLR 3104 (a)". However, in the later case *of Carpenter Envtl. Assocs. v Horn* (239 AD2d 379), we held that the "Supreme Court could not appoint an attorney to act as Referee for the purpose of

supervising * * * disclosure in this action in the absence of a stipulation by the parties (see, CPLR 3104 [b])".

Although it is possible to somewhat factually distinguish these two cases, a review of the legislative history leading up to the passage of the current version of CPLR 3104 leads to the conclusion that it is intended to restrict a court's right to appoint private Referees to supervise disclosure without a stipulation of the parties, in preference for Judicial Hearing Officers who are compensated by the State (see, L 1983, ch 840). We reach this conclusion even though, as a practical consideration, the limited pool of Judicial Hearing Officers makes it difficult to effectively supervise all disclosure, especially in cases presenting special problems.

Accordingly, since the parties herein did not stipulate to the appointment of a private attorney Referee to supervise their disclosure proceedings, the court was without power to so appoint (see, CPLR 3104). To the extent that the case of *Matter of Sommer* (*supra*) holds otherwise, it is hereby overruled.

The plaintiff also appealed from an order which denied his motion to strike the defendants' answer for failure to comply with orders of the same court directing disclosure. The Supreme Court properly declined to strike the defendants' answer, finding that the defendants' conduct was not willful, contumacious, or in bad faith (see, *Lestingi v City of New York,* 209 AD2d 384; *McCarthy v Klein,* 238 AD2d 552). However, the Supreme Court improperly determined that the defendants had responded to all of the plaintiff's discovery demands.

Accordingly, the order entered August 22, 1997 is modified by adding thereto a provision directing the defendants to provide responses to items numbered 9, 18, and 21 of the plaintiff's first interrogatory and to item 4 of the plaintiff's second interrogatory; as so modified, the order entered August 22, 1997 is affirmed, insofar as appealed from. The order entered September 23, 1997 is reversed. The defendants' time to comply with the interrogatories is extended until 30 days after service upon them of a copy of this opinion and order, with notice of entry.

BRACKEN, J. P., RITTER and ALTMAN, JJ., concur.

Ordered that on the Court's own motion, the notice of appeal from the order entered September 23, 1997 is treated as an application for leave to appeal from that order, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order entered August 22, 1997 is modified by adding thereto a provision directing the defendants to

provide responses to items numbered 9, 18, and 21 of the plaintiff's first interrogatory and to item 4 of the plaintiff's second interrogatory; as so modified, the order entered August 22, 1997 is affirmed, insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered September 23, 1997 is reversed, without costs or disbursements; and it is further,

Ordered that the defendants' time to comply with the interrogatories is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.