■ AGH DISTRIBUTORS, INC., Appellant, v SILVERTONE FASTENERS, INC., et al., Respondents, et al., Defendants. — Order of the Supreme Court, New York County (Louis Kaplan, J.), entered on February 22, 1984, which granted the motion by defendants Silvertone Fasteners, Inc., Perfect Zipper Corporation and Alex Silverberg for a protective order striking plaintiff's notice of discovery dated November 30, 1983, is reversed, on the law, the facts and in the exercise of discretion, and the motion for a protective order is denied, with costs and disbursements. Settle order to provide adequate safeguards against the possible use of any trade secrets.

This is an action for compensatory and punitive damages arising out of the participation by defendants Silvertone Fasteners and Perfect Zippers, both wholly owned and controlled by defendant Alex Silverberg, in an alleged conspiracy with other named individuals and companies to divert and wrongfully

appropriate zippers intended for delivery to plaintiff from Talon, Inc. The zippers, valued at approximately $300,000, were purportedly acquired by defendants by means of theft and fraud and then sold at less than the market price. The diversion was subsequently revealed during the course of an inventory conducted in the winter of 1982, and the police were notified. Alex Silverberg thereafter pleaded guilty to attempted criminal possession of stolen property, a class A misdemeanor, and was fined $1,000.

Plaintiff's complaint claims that defendant Alex Silverberg knowingly purchased the stolen merchandise, seven-inch black, white and navy zippers, indeed that he ordered them to be stolen and that he then sold them through his companies, Silvertone Fasteners and Perfect Zipper Corporation. As a result of this conduct, defendant Silverberg gained a competitive advantage over plaintiff, deprived plaintiff of the merchandise and of the profits from the sale thereof and also caused plaintiff to pay for zippers which it did not receive. It is plaintiff's contention that in order to demonstrate that Alex Silverberg converted the zippers in question and sold them through his companies, it is essential that plaintiff be permitted discovery and inspection of the material sought in its notice of discovery and inspection, dated November 30, 1983. Special Term, however, in granting the motion for a protective order, concluded that "it does not appear at this time that the documents and records sought are material and necessary to the prosecution of plaintiff's causes of action against the movants. The 'guilty' plea of defendant Silverberg does not establish the causes of action against the movants: i.e. to intentionally interfere with plaintiff's business operation by purchasing zippers knowingly stolen from a shipment destined for plaintiff's premises."

Plaintiff's notice of discovery and inspection demanded production of all invoices, books and records of defendants Silvertone Fasteners and Perfect Zipper Corporation for the period April of 1981 through December of 1982 relating to the purchase and sale of seven-inch black, white and navy zippers, as well as the names and addresses of defendants' employees during the relevant period and a list of the customers to whom defendants sold such zippers. This information is clearly material and necessary to plaintiff's prosecution of the instant action, particularly with respect to the issue of compensatory damages. Discovery is not limited to situations where the plaintiff has already established its cause of action but is designed precisely for the purpose of enabling the plaintiff to prove its case. In that regard, the scope of disclosure under CPLR 3120 is no different

than it is under CPLR 3101 (subd [a]). The clear policy of this State is to favor full and broad disclosure. (See *Koump v Smith,* 25 NY2d 287.) Where, as here, the items demanded are clearly and specifically identified, there is no requirement that an examination before trial is a condition precedent for discovery and inspection of documents or records pursuant to CPLR 3120. (See *Rios v Donovan,* 21 AD2d 409.) Accordingly, Special Term was not warranted in granting the motion for a protective order. Since defendants' customer lists may indeed constitute trade secrets, the order authorizing disclosure should include appropriate safeguards to protect defendants' interests therein. (See *Rupert v Sellers,* 48 AD2d 265.)

Settle order. Concur — Sandler, J. P., Sullivan, Silverman and Milonas, JJ.