■ Nasco, North Atlantic Steel Co., Inc., Respondent, v Gilberto Da Silva et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered May 14, 1990, which directed defendants to produce certain documents in response to plaintiff's first request for production of documents, unanimously modified on the law, the facts and in the exercise of discretion, by granting defendants' motion for a protective order and striking items numbers 3, 21, 33 and 34 of the request for production of documents without prejudice to plaintiff to assert a more limited demand as to the subjects encompassed in items numbered 3 and 21, and otherwise affirmed, without costs.

In the underlying action, plaintiff, a corporation engaged in the business of buying and selling steel, alleged, *inter alia*, that defendant Da Silva, who had previously worked for plaintiff, breached his fiduciary duty to plaintiff by providing plaintiff's competitor with confidential information. Following service of plaintiff's first request for the production of documents, defendants challenged all 46 of the items requested. However, the dispute was later resolved with regard to all but 16 items. The Supreme Court denied defendants' motion for a protective order and directed production of all 16 items although production of one item was restricted. On appeal, defendants seek a protective order with respect to 10 of these items.

Contrary to defendants' contention, plaintiff was not required to take depositions prior to serving its request for the production of documents (CPLR 3120 [a] [1]; *AGH Distribs. v Silvertone Fasteners,* 105 AD2d 648). With respect to item number 3, we agree with defendants that the demand is overbroad in that it seeks information regarding transactions which occurred over a period of four years and fails to restrict the subject matter of the demand to areas relevant to plaintiff's lawsuit. Accordingly, the demand is stricken, without prejudice to plaintiff's assertion of a more limited demand. Item number 21 is overbroad as well and is similarly stricken without prejudice to plaintiff's service of a more limited demand.

Since plaintiff has failed to demonstrate the relevancy of items numbers 33 and 34 to the matters actually disputed in this action, these items are stricken. Items 28, 29, 30, 43, 45 and 46, however, are relevant to the underlying causes of action and defendants are directed to produce the requested information. Concur—Rosenberger, J. P., Wallach, Smith and Rubin, JJ.