■ BASIL BRIGUGLIO et al., Respondents, v RCP ASSOCIATES, Doing Business as ROCKEFELLER GROUP, Respondent, and WESTINGHOUSE ELEVATOR COMPANY, INC., Appellant.—In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant Westinghouse Elevator Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), entered November 15, 1989, as denied its motion for a protective order pursuant to CPLR 3103 pertaining to various disclosure requests.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the appellant's motion which was for a protective order precluding the plaintiffs and

the codefendant RCP Associates from obtaining certain personnel files, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant payable by the defendant-respondent.

The appellant seeks to have this court overturn the Supreme Court's denial of its motion for a protective order relating to the demands for production of various items made by the plaintiffs and the codefendant RCP Associates. We agree with the appellant that under the circumstances presented there was no adequate basis to justify the granting of the request for the personnel files of three of its employees *(see, Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733). However, we find that the material requested in the remainder of the demands at issue was within the scope of CPLR 3101 (a) and, hence, properly discoverable *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407; *AGH Distribs. v Silvertone Fasteners,* 105 AD2d 648, 650). Accordingly, the denial of so much of the motion for a protective order as relates to those remaining demands was not an improvident exercise of discretion.

We have reviewed the appellant's remaining contentions and find them to be unpreserved for appellate review, and, in any event, without merit. Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.