■ ANNA CAMENOS, Respondent, v F. W. WOOLWORTH CORPORATION, Defendant, and OTIS ELEVATOR COMPANY, Appellant. [650 NYS2d 3] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about May 17, 1995, which directed document production in accordance with a so-ordered stipulation, and that defendant Otis Elevator produce all requested documentation concerning the physical structure of the escalator at issue in this litigation, and order, same court and Justice, entered on or about June 19, 1996, which denied

defendant Otis Elevator's motion for a protective order with respect to plaintiff's 1994 notice of discovery and inspection, unanimously modified, on the law, the facts and in the exercise of discretion, to direct the parties to execute a stipulation of confidentiality, in the form proposed by defendant Otis Elevator, as amended by plaintiff's proposal, within 30 days of this order, and otherwise affirmed, without costs.

The contested document requests are sufficiently specific (*see, Engel v Hagedorn*, 170 AD2d 301), and plaintiff's discovery should not be "limited to situations where the plaintiff has already established [a] cause of action but is designed precisely for the purpose of enabling the plaintiff to prove [her] case" (*AGH Distribs. v Silvertone Fasteners*, 105 AD2d 648, 649). Since defendant-appellant adequately demonstrated legitimate concern for its trade secrets (*see, Jackson v Dow Chem. Co.*, 214 AD2d 827, 828), a confidentiality order should have been mandated (*see, e.g., Finch, Pruyn & Co. v Niagara Paper Co.*, 228 AD2d 834, 835). Defendant-appellant has drafted a confidentiality agreement, to which plaintiff has largely assented, and plaintiff's sole objection to the language proposed by defendant-appellant is reasonable. Accordingly, the parties are directed to execute such a stipulation, as indicated, after which discovery shall go forward as ordered by the IAS Court. Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Andrias, JJ.