DENNIS LEE, Also Known as LEE MAN FOR DENNIS, Respondent, et al., Plaintiffs, v NANCY LEE LUK, Also Known as LEE LAI CHING, Appellant, et al., Defendants. [889 NYS2d 464]—

The trial court properly directed Luk to provide financial information and documentation, since the financial disclosure does not relate solely to the accounting claims but is relevant and material to the other causes of action asserted in the amended complaint, including those for breach of fiduciary duty and conversion (see A. Colish, Inc. v Abramson, 150 AD2d 210, 211 [1989]).

Plaintiff's claims were limited by the court's prior order finding that plaintiff could recover "money damages from [Luk] for her acts going back to August 30, 1999." Thus, information regarding Luk's acts before August 30, 1999 is not "material and necessary in the prosecution . . . of [the] action" (CPLR 3101 [a]; see Nasco, N. Atl. Steel Co. v Da Silva, 167 AD2d 149 [1990]; Matos v City of New York, 78 AD2d 834 [1980]).

Document request 22 is an improper "all-inclusive demand for documents of any and every kind" (*Brandon v Chefetz*, 101 AD2d 786 [1984]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Freedman and Abdus-Salaam, JJ.