■ DENNIS LEE, Also Known as LEE MAN FOR DENNIS, Respondent, v CHUN KA LUK, Appellant. [19 NYS3d 39]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered May 15, 2015, which, to the extent appealed from, granted plaintiff's motion to compel, unanimously modified, on the law and in the exercise of discretion, to limit the production of Nancy Lee Luk's estate's tax returns to the portion

showing the operating results of ABN Realty, LLC and La Vie Zen Spa, LLC, and to delete the direction that defendant produce his tax returns, and otherwise affirmed, without costs.

Contrary to defendant's contention, plaintiff does not base his claim to the profits earned by Nancy Lee Luk and her companies (e.g. ABN and La Vie Zen) on her theft of a corporate opportunity; rather, he brings this action pursuant to Business Corporation Law § 720 and alleges that she diverted funds from Lee-Tai Enterprises (USA) Ltd., 238-240 7th Avenue Corp., and Broadway Chinatown Realty, Inc. In *Glenn v Hoteltron Sys.* (74 NY2d 386 [1989]), a case brought pursuant to Business Corporation Law §§ 626 and 720 (*id.* at 390), defendant Jacob Schachter diverted the assets and opportunities of Ketek Electric Corporation to Hoteltron Systems, Inc., which he wholly owned (*id.*). The damages included profits that Hoteltron had earned "from Schachter's usurpation of Ketek assets and opportunities" (*id.*). Thus, the motion court providently exercised its discretion by ordering the production of ABN's and La Vie Zen's general ledgers so that plaintiff could ascertain their profits.

Defendant's árgument about law of the case with respect to ABN's general ledger is unavailing; document request 37, which was at issue in *Lee v Luk* (68 AD3d 554 [1st Dept 2009]), did not involve ABN's *ledger.*

"Because of their confidential and private nature, disclosure of tax returns is disfavored. The party seeking disclosure must make a strong showing of necessity and demonstrate that the information contained in the returns is unavailable from other sources" (*Williams v New York City Hous. Auth.*, 22 AD3d 315, 316 [1st Dept 2005] [internal quotation marks omitted]). In addition, "the party seeking to compel production . . . must identify the particular information the return will contain and its relevance . . . and limit examination of the return to relevant material through redaction of extraneous information" (*Nanbar Realty Corp. v Pater Realty Co.*, 242 AD2d 208, 209-210 [1st Dept 1997]). Plaintiff satisfied these requirements with respect to Nancy Lee Luk's returns, but not defendant's. Furthermore, with respect to Nancy Lee Luk's estate's income tax returns, production of only the portion showing the operating results of ABN and La Vie Zen is warranted.

Below, defendant failed to establish that he filed joint tax returns with Nancy Lee Luk; therefore, we decline to consider this factually-based argument for the first time on appeal (*see e.g. Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [1st Dept 2000]; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276

[1st Dept 1988]). Concur—Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.